SUCCESSION OF WILLIAM HUTCHINGS—Henry E. Dwight, Administrator of the Succession of James L. Johnson, deceased, Appellant.

Though a contract by which a party alleges that he sells, and *actually* delivers certain lands and slaves to his endorsers, to be held by them until indemnified for their endorsements, reserving a right to redeem the slaves on discharging the endorsers from any liability, be decided by the Supreme Court to be a mortgage and not a sale, it must be duly recorded to entitle the endorsers to the privilege of hypothecary creditors, as against other creditors having mortgages regularly registered.

APPEAL from the Court of Probates of St. Martin, *Briant,* J. *Splane,* for the appellant.
*Voorhies,* contrâ.

BULLARD, J.* The administrator of the estate of William Hutchings deceased having filed a *tableau* of distribution and a classification of the debts due by it, opposition was made by the administrator of the estate of James L. Johnson, deceased, on the ground that the estate of his intestate had a mortgage on all the real estate of Hutchings, recognised by the Supreme Court, and that the administrator had failed to place on his *tableau* the said estate, as a mortgage creditor for the balance due, to wit, $765 49, with nine per cent from the 1st of April, 1837.

The sum thus claimed is the balance ultimately found due to Johnson's estate, by a judgment of this court, rendered at the September term, 1841, (19 La. 437,) upon a contract, much discussed in this court, in the cases of *Hutchings* v. *Field et al.* and the *Same* v. *Johnson*, 10 La. pp. 245, 257. That contract, it will be perceived by referring to it as recited in the report of those cases, was intended to secure to Johnson and others the reimbursement of certain sums which they had engaged to pay for Hutchings, to the Bank of Louisiana. Johnson treated it as a contract of sale of certain real estate and slaves. But this court held, that it had not all the essentials of a sale, but was rather in the nature of a mortgage, accompanied by delivery. Johnson was, therefore, held to account for the services of the slaves during several years while in his possession, in compensation of the amount paid by him in bank, and the result was the balance above mentioned. It is now contended, that his estate is entitled to be set down as an hypothecary creditor, in virtue of that contract, for the balance thus found due. To this it is answered that, whatever have been the character and effect of the contract between the parties, it never was recorded in the proper office, so as to give it effect as such against third persons; and that if it had been, it is prescribed by the lapse of more than ten years without reinscription.

It is clear that a mortgagee, whose title has not been duly recorded, is not entitled to be classed as an hypothecary creditor as it relates to other creditors having mortgages duly recorded.

* SIMON J. being interested in this case, did not sit on the trial.

In the case now before us, it is not shown that the contract, which we construed to be a mortgage and not a sale, was ever recorded in either of the parishes where the property was situated and Hutchings had his domicil.

The court, therefore, did not err in overruling the opposition.

*Judgment affirmed.*