CITIZENS' BANK OF LOUISIANA *v.* J. E. ARMOR and M. FISHER.—H. J. MASON et al., intervenors.

By Article 2428 of the Code, a thing claimed by suit cannot be alienated pending the suit by the defendant, to the prejudice of the plaintiff. Mortgage is a quasi alienation, and if made pending a suit for the property, cannot prejudice the plaintiff.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J. *Pitot,* for plaintiff and appellant. *Hamner & Hays,* for intervenors.

BUCHANAN, J.* The defendant was recognized as heir of the late *Mrs. Josephine Armor,* and put in possession of her estate by a judgment. Subse-quently, the intervenors sued *Armor* in the court in which the succession was opened, claiming the property of the succession of *Josephine Armor,* of whom they alleged themselves to be next of kin and heirs at law. Pending this suit, the defendant mortgaged certain real estate, being a portion of the property of *Mrs. Josephine Armor's* succession, in favor of the holder of two promissory notes for three thousand dollars each, to secure the payment of the said notes. In the suit of the intervenors against the defendant for the property of *Mrs. Armor's* succession, they obtained judgment, from which defendant appealed, but subsequently abandoned his appeal.

The Citizens' Bank, as holder of one of defendant's mortgage notes, is now seeking to enforce its mortgage, and is opposed by the intervenors. The latter having obtained a judgment in their favor, declaring the mortgage null, the bank appeals.

Upon the above statement of facts, the right of intervenors and appellees is clear. By Article 2428 of the Civil Code, a thing claimed by suit cannot be

*VOORHIES, J., recused himself.

alienated, pending the suit, by the defendant, to the prejudice of the claim of plaintiff. Mortgage is a quasi alienation. *Rippoll* v. *Morino*, 12 Rob. 662, and *Long* v. *French*, 13 L. 261, are cases in point. The plaintiff pleads fraud and collusion between intervenors and defendant; but there is nothing in the record to support this plea.

Judgment affirmed, with costs.