Willis vs. Wasey.

## No. 1,331.

### HENRY A. WILLIS VS. GEORGE E. WASEY.

Mandamus is a proper remedy to compel the erasure of the inscription of an invalid, or defunct or perempted mortgage or privilege, but the remedy cannot be invoked as a means to avoid the effect of another contract intended to affect the property of the party complainant.

An act purporting to be a mortgage, but not inscribed in the proper book, has no legal effect as to third parties, and hence a third party has no cause of action to require the erasure of such an inscription, by mandamus.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Reed*, J.

---

*White and Saunders* and *D. B. Gorham* for Plaintiff and Appellant:

An exception that petition shows no ground of action, admits the truth of all the allegations of the petition. 9 Ann. 9; 12 Ann. 190. Plaintiff's allegation amply justify the issuance of the writ.

Privileges are *stricti juris*, cannot arise from consent, but spring from the law. 16 Ann. 107; 23 Ann. 3; 24 Ann. 568.

Mortgages are *stricti juris*, and take effect against third persons, only from the date of their inscription, in the manner directed by law. 30 Ann. 835, and authorities cited.

C. C. Act 2266.—"All sales contracts and judgments affecting immovables, which shall not be so recorded, shall be utterly null and void, except between the parties thereto." See C. C., 2242, 2246, 2253; 25 Ann. 290; 21 Ann. 591; 28 Ann. 897; 37 Ann. 568.

The registry of a mortgage in the Book of Conveyances is without effect as to third parties. 5 Ann. 154; 16 Ann. 435; 24 Ann. 78, and authorities cited.

Wasey having parted with his title to the lands in favor of Winchester, and the latter having sold to plaintiff in good faith, whose title was duly recorded November 18, 1886, neither Wasey nor Winchester could enter into any contract, the recordation of which two years after plaintiff's said recorded title, could operate as a lien, mortgage or privilege against plaintiff's said lands, who is an innocent third party.

The duties of the clerk and recorder are purely ministerial.

"Mandamus is the proper remedy to compel a ministerial officer to perform a purely ministerial act." C. P. 834; French vs. Prieur, Recorder, 6 R. 299; Leverich vs. Prieur, Recorder, 8 R. 97; State vs. Bordelon et al., 6 Ann. 68; Savage vs. Holmes, Recorder, 15 Ann. 334.

"This writ may be said to be the ordinary legal relief for a party wishing to obtain the erasure of mortgage upon his property." Savage vs. Holmes, 15 Ann. 334; Lanaux vs. Recorder, 36 Ann. 975.

Plaintiff has caused all the parties in interest to be brought before the court, which is the condition precedent to the use of the writ, for the purpose of compelling the erasure of mortgage. 15 Ann. 335; 36 Ann. 976; Deblieux vs. Recorder, 25 Ann. 61.

In a case such as the one at bar, plaintiff is not required to proceed *via ordinairia*. 15 Ann. 334; 25 Ann. 61; 36 Ann. 975.

---

*G. A. Fournet* for Defendants and Appellees:

A mandamus will not lie to cause the erasure of the recordation of an act purporting to be a claim or contract affecting real property, when there is no pending litigation or proceed-

Willis vs. Wasey.

ing before the courts in which the validity of the claim or rank of the mortgage, if any, is contested.

A mandamus will not lie merely to determine the rank or priority of mortgages and liens.

When the plaintiff has other and proper remedy in the ordinary course of legal proceedings, a mandamus will not issue. High on Ex. Rem., Sec. 15, p. 20; C. P. 830, 831.

A mandamus is a summary proceeding, and the right to summary proceeding cannot be extended beyond the cases specially authorized by law. 17 Ann. 156; C. P. 98, 170, 754, 756; 3 Ann. 434; 12 Ann. 182, 201 and 799.

An allegation and affidavit stating merely that "a mandamus is necessary herein," is insufficient. C. P. 840, 830 and 831.

The opinion of the Court was delivered by

POCHÉ, J. This is a proceeding by mandamus to compel the erasure of an inscription of a certain contract between defendant and another party, alleged to be injurious to plaintiff, as the owner of a large tract of land intended by the contracting parties to be affected thereby.

The defense was by way of an exception in which it was contended substantially that plaintiff's petition disclosed no cause of action, and contained no averments to justify a recourse to the summary proceeding by mandamus.

That defense prevailed and plaintiff appeals.

It is now settled beyond controversy that a mandamus will lie in favor of a party who seeks to erase the inscription of an invalid or defunct or perempted mortgage recorded against his property. And if the pleadings in this case clearly presented such an issue, plaintiff's position would have been unassailable under our jurisprudence as finally established. Lanaux vs. Recorder of Mortgages, 36 Ann. 975.

But the record which comes up to us, and the showing made by plaintiff in his brief and in the oral argument, leave his proceeding stripped of two essential ingredients necessary to his success.

In the first place his petition does not characterize the contract which he assails, with legal precision or accuracy; and after considering the different and various descriptions of the obnoxious contract contained therein, the legal mind is left in a state of bewildering uncertainty as to the nature of the transaction thus submitted to judicial investigation.

No satisfactory or definite information is conveyed as to the character or legal effect of the agreement, the inscription of which is alleged to be injurious to plaintiff as the owner of the lands to be indefinitely affected thereby.

In one part of the petition the contract is defined as a "pretended mortgage and lien or claim on the land hereinabove described," and in another place, almost in the same breath, it is referred to "as resulting

from a contract, also recorded with and in *said notice*, pretended to have been made between said Wasey and the above named Charles Winchester." (Italics are ours.)

It is then, in another place, held up as "said claim" simply; while further on it is assailed on the ground that "the existence of said pretended claim or mortgage of said Wasey operates as a cloud on petitioner's title."

If, after a comparison of these various averments the judge would be about to reach the conclusion that the leading idea was that of a mortgage, he would have to retrace his steps when he reaches the prayer of the petition in which the recorder or clerk is ordered to cancel the inscription of the "hereinabove described pretended claim recorded in the notarial records, *   *   * as an encumbrance on the lands hereinabove described."

Hence we are left in doubt as to the precise nature, character or intended legal effect of the contract which we are called on to consider. In their oral argument, appellant's counsel spoke of the contract as a very indefinite and vague document, difficult or almost impossible to describe or define with any precision. And doubtless their defective and insufficient description of the instrument can be fairly traced and attributed to that circumstance. But, in that case, they should have annexed a copy of the contract to their petition, and thus have presented it to be dissected by the court.

Conceding, however, for the sake of argument, that the contract is sufficiently described as a conventional mortgage intended by the parties thereto as an encumbrance on plaintiff's lands, the next difficulty is to ascertain under the pleadings, the manner of its inscription, so as to discuss its legal effect.

The only information which the petition affords on this subject is that the obnoxious contract was recorded in "Book P of the notarial records of said Parish of Calcasieu." But nothing in the record informs us as to what are the "notarial records" of that parish. The law provides for a book of conveyances for the inscription of transfers of immovable property, and for a book of mortgages for the inscription of mortgages, privileges, and similar encumbrances.

If the act herein assailed is shown to have been intended by the parties as a mortgage or vendor's privilege to affect plaintiff's lands, it cannot, by that fact alone, be injurious to plaintiff, unless it was inscribed in the book of mortgages, and if the inscription is in any other book, plaintiff has no concern with it, and no right to require its erasure. To justify the summary relief which he sought it was incumbent on him to

make a proper showing in his pleadings of all the requirements of the law on the subject. And it is clear that a vague averment of an inscription in the "notarial records" of the parish is not sufficient.

But all doubts on the subject are removed by the statement in plaintiff's brief that the inscription complained of is to be found only in the book of "conveyances."

Hence he is in this dilemma: If the act assailed is a mortgage, plaintiff has no cause of action, because it is not inscribed as a mortgage; hence it does not encumber his lands as a mortgage or privilege; if it is not a mortgage, but some other "claim" or undefined lien, or perhaps an attempted conveyance which "operates as a cloud" on his title to the lands which he claims to own, and which are to be affected thereby, then mandamus is not the proper remedy, and in either event he must go out of court.

These considerations lead to the same conclusion reached by the district judge.

Judgment affirmed.