The opinion of the court was delivered by
Watkins, J.
This is a proceeding by rule for the cancellation of a mortgage, previous in date and rank to that of the plaintiff in rule, upon the following allegations, substantially, viz.:
That on the 4th of March, 1885, plaintiff obtained a judgment against one Joseph Cappel, in the parish of Avoyelles, and that same was duly revived by a judgment rendered on the 12th of May, 1893; and that said judgment was duly inscribed in the book of mortgages on the 2d of April, 1885, and subsequently reiuscribed on the 6th of June, 1893.
That there appears on the aforesaid book of mortgages a special mortgage executed by said Joseph Cappel for the sum of seven thousand dollars bearing date September 13, 1884, to secure the payment of four promissory notes made payable to his own order and by him *1089 endorsed to William G. Oappel, and payable respectively at twelve, thirteen, fourteen and fifteen months after date — the first three being for the sum of two thousand dollars each, and the last one for one thousand dollars.
That said mortgage was duly inscribed therein and subsequently reinscribed on the 81st of March, 1890; and that executory proceedings were obtained upon two of the two thousand dollar notes first; maturing, but same were subsequently discontinued voluntarily.
That on the 19th of January, 1887, William G. Oappel made an assignment of the two notes which figured in the said executory proceedings, “ together with all rights, titles and interest resulting from said proceedings, unto J. Clifton Oappel,” etc.
Then follows this specific averment, viz.:
“ That Joseph Oappel never was indebted unto William G. Oappel for the amount of the mortgage and notes above described; that said transaction is a pure simulation, and that if not a simulation it has ceased to have any legal effect — said notes having been extinguished by confusion, settlement, or otherwise, and the mortgage securing same destroyed.
“ That the transfer by William G. Oappel to J. Olifton Oappel of the aforesaid notes is a pure simulation, the same having been made without any consideration; that if it is not a simulation no mortgage right was transferred, the said William G. Oappel having none to assign, as it was extinguished and destroyed before the pretended transfer aforesaid.’!
All the parties in interest were made parties to the rule and judgment was prayed for directing the cancellation and erasure of the said prior and conflicting mortgage, and which operated as a cloud upon the title of their mortgage debtor.
To this proceeding by rule the defendant excepted on the following grounds, viz.:
1. Want of proper proceedings.
2. Prematurity of proceeding.
8. No right of action.
4. No cause of action.
These exceptions having been sustained and the plaintiff’s rule dismissed it has prosecuted this appeal.
On the part of the appellant the contention is, that the ranking and interfering mortgage is and was in its incipiency a mere simu *1090 lation, and altogether without consideration, and, therefore, operated as a cloud upon the title of its debtor which could be canceled and erased in a proceeding by rule, summary in its nature; while that on the part of the appellee is, that the averments of the petition clearly indicate that, in purport and effect, it is an action in declaration of simulation, or a revocatory-action pure and simple, and should have been brought in the form of an ordinary suit and preceded by citation.
That, as a rule, the proceeding is premature, because there was no execution or hypothecary proceeding seeking the foreclosure of the plaintiff’s mortgage in progress, to which it was ancillary.
After having examined the authorities cited with care, our opinion is that the plaintiff should have resorted to an hypothecary action or issued execution and caused the property to be first seized, before resorting to a rule — conceding a proceeding by rule to have been the proper mode in this instance.
But plaintiff’s allegations serve to place this case in the category of Willis vs. Wasey, 41 An. 697, which seemed to have put the court in doubt as to the ground on which relief was demanded, and consequently plaintiff’s demand was rejected.
The decision of this court in Denègre vs. Mushet, 46 An. 97, is quite applicable, and we make the following extract therefrom, viz.:
“It is only 'a conflict of privilege ’ between creditors that this statute contemplates, on which authority is thereby conferred upon -courts to classify same, ‘ according to their rank,’ in the summary manner pointed out; it does not purport to give the courts jurisdiction to summarily adjudge the validity of debts which are secured by privileges or mortgages, and by that means to displace one and advance the rank of another. It does not purport to authorize viere strangers to the principal litigation to be thus summarily coerced into court and compelled to submit their claims to investigation and judgment on simple rule without their having resorted to any judicial proceedings looking to the assertion of any claim on the proceeds of sale in the possession of the court.”
The purport of that opinion is, that the validity of debts must be contradictorily ascertained.
The rule for the cancellation of a prior mortgage, on the ground that the inscription thereof has ceased to have effect for want of proper and timely reinscription, is a familiar proceeding; but in case *1091 the question upon which a duly reinscribed prior mortgage depends is simulation or fraud in the cause or consideration of the obligation secured thereby, the creditor is necessarily put to his revocatory or other appropriate action.
We extract the following from appellee’s brief, viz.:
“We admit, it would have been more regular to have caused the property to be seized and advertised for sale before instituting these proceedings; but we submit that the course adopted is permissible, as it can not impair the rights of the mortgagees, if any they have, or increase the advantages of the judgment creditors, if any they have. At any rate the severest punishment that could be visited on plaintiffs for instituting this rule before seizing would be a judgment on non-suit, and not such a judgment as was rendered by the District Court, rejecting plaintiffs’ demand, shutting them from ever making an attempt to realize on their judgment. This is the only judgment that can be rendered. The exception being dilatory, the penalty is only a non-suit.”
Counsel is in error in making this statement, doubtless, through inadvertence.
The judgment concludes thus, viz.:
“It is ordered, adjudged and decreed that said exception be sustained, and that the suit be dismisssd at plaintiffs’ cost.”
That is not a final judgment. It dismisses plaintiffs’ proceedings by rule, but leaves its recourse to an ordinary action unimpaired.
This right being reserved, we think the judge a quo made a proper -disposition of the case.
Judgment affirmed.