## No. 12,873.

### Elizabeth Davis vs. W. S. Kendall.

1. Where the true object of a sale with the right of redemption was to secure an existing indebtedness, the court called upon to interpret and give effect to the agreement, properly held the parties to their intention by decreeing the title asserted not one from which ownership resulted, but as a kind of security for the debt due.
2. But to effectuate this security the sale was, for this purpose, a ceding away—a transfer, a conveyance—of the fee of the estate by the vendor to the vendee to that extent that, after the appropriate registry thereof, the vendor could neither sell nor mortgage to another the same property, to the prejudice of his vendee. And, if this be so, it follows that neither could rights attach there on by operation of law, like a legal or judicial mortgage, to his prejudice.

CERTIFIED from the Court of Appeals, First Circuit, by the Judges thereof applying for instructions.

71

Submitted June 28, 1898.

Opinion handed down November 21, 1898.

The opinion of the court was delivered by

BLANCHARD, J. This was an appeal from the District Court, Parish of Lincoln, to the Court of Appeals, First Circuit.

On consideration by the latter Court the judgment appealed from was reversed, and a decree handed down in favor of defendant and appellant.

An application for rehearing by plaintiff followed, and, thereupon, the Judges of the Court of Appeals certified to this Court the following proposition of law, arising in said cause, concerning which they ask instruction for its proper decision:—

" Whether a sale with the right of redemption *intended* and *declared* by the Court to be one merely as security for debt, duly recorded in the Conveyance records, *ranks* a legal mortgage *subsequently* recorded in the mortgage records, in a contest over the proceeds of the sale of the property."

The judgment of the District Court had decreed priority of payment to the legal mortgagee.

The Court of Appeals reversed this judgment, holding the vendee in the nominal *vente à rémêrê* to be entitled to recover by preference the amount due him, sustaining its view in an exhaustive and forceful opinion by Pugh, J., transmitted with the question certified.

The facts as gathered from this opinion are as follows:—

S. C. Davis executed in favor of W. S. Kendall an act of sale purporting to convey certain real property, with reservation of the right of redemption.

The time for redemption having elapsed without its exercise, Kendall brought an action to be declared the owner of the property. After contest the court of the first instance rejected his demand of ownership, but reserved to him his right, as against the property, to enforce his contract as one of security.

On appeal to the Court of Appeals this judgment was affirmed.

Whereupon Kendall instituted suit against Davis, praying that his contract be recognized and enforced as security against the property, and that the same be seized and sold to satisfy his claim. Judgment followed in accordance with this prayer, execution issued thereon

and the property was seized and sold, Kendall becoming the purchaser thereof for an amount less than his judgment.

Davis' wife (present plaintiff), some nine months *after* the redemption sale to Kendall, appeared before the clerk of court and made affidavit of certain indebtedness due her by her husband on account of paraphernal funds received by him, and caused this affidavit to be inscribed in the mortgage records as evidence of her legal mortgage against the property of her husband.

A year later she, with her husband, appeared before a notary and a document was executed by the husband, accepted by her, wherein he made to her a *dation en paiement* of the property embraced in the sale to Kendall, in satisfaction of the amount claimed by her in the affidavit aforesaid.

This was the situation at the time the property was sold under the Kendall judgment.

It appears that Mrs. Davis made an effort to stay by injunction the Kendall proceedings, but failed to obtain the writ. Why—it is not stated.

Later she instituted suit, asserting ownership of the property, reciting the proceedings by which she acquired its title, its seizure and sale illegally under Kendall's judgment, etc., and concluded with the prayer that " she be declared the owner of said land, and, if not, that her mortgage be recognized and enforced."

In the decree that followed trial, Kendall's title, not hers, to the property was recognized, but she was adjudged to hold a legal mortgage for part of what she claimed from her husband, and the same was made executory against the property in the hands of defendant, Kendall.

The latter's appeal to the Circuit Court was sustained and plaintiff's demands rejected on the ground that the registry in the conveyance records of defendant's title, decreed to be a security, *primed* the legal mortgage of the wife recorded *posterior* thereto in the mortgage records.

Then followed the application for rehearing, and, pending disposition thereof, the certification aforesaid here.

If the true object of the sale with the right of redemption was to secure an indebtedness antecedently or presently contracted, it was proper and right for the court, called upon to interpret and give effect to the agreement, to hold the parties to their intention, and

decree the title held not one from which ownership results, but as a kind of security for the debt due.

But to effectuate this security it was, for this purpose, a ceding away—a transfer, a conveyance—of the fee of the estate by the vendor to the vendee to that extent that, after the appropriate registry thereof, the vendor could neither sell nor mortgage to another the same property to the prejudice of the first party.

And, if this be so, it follows that neither could rights attach thereon by operation of law, like a legal or judicial mortgage, to his prejudice.

The contract between these parties was a legal one—a sale with the right of redemption being recognized by the law. C. C. 2567, et seq.

It was entered into for a lawful purpose, and while the intention was not the indefeasible divestiture of the ownership of the vendor and its absolute investiture in the vendee it was the present and temporary, though actual, assignment of the fee in the land to the vendee, to be held by him as security for the sum representing the purchase price of the sale. This assignment of the title took the property off the conveyance and tax-assessment records as that of the vendor and placed the same on those records as that of the vendee, as well as defeated, so long as the fee remained in the vendee, the attaching of subsequent rights of sale or hypothecation, to his prejudice, in favor of any third person, emanating from the vendor.

It may well be, however, that rights in favor of such third person might accrue thereon, taking rank after those of the vendee.

When the legal mortgage of the plaintiff herein was inscribed in the mortgage records, it could not and did not attach to the land in question, for the conditions existing did not admit of it then nor subsequently. Neither the legal title nor the fee were at that time or subsequently in the husband who owed the debt from which the wife's legal mortgage resulted. And the legal title and fee remained in the husband's vendee until he was repaid the sum representing his purchase price. He could not be divested of the same, directly or indirectly, until this money was returned to him.

It follows, therefore, that when he, first having sued in vain to be declared owner of the land, is awarded a judgment for the amount due him, with recognition of his security rights, and an order to sell

in satisfaction thereof, and a contest arises over the proceeds of this sale between himself and the wife claiming the legal mortgage, his rights must be adjudged superior to hers.

Or, the property having gone to sale under his judgment, at which sale he buys the sheriff's title (as was the case here), the wife can not .succeed in a subsequent petitory action, seeking to be declared its owner on the strength of the *dation* made to her by her husband as hereinbefore set forth. His title, first from the husband and then from the sheriff, must be adjudged superior to hers.

See Wolf vs. Wolf, 12 La. An. 529.

> Farmer vs. Mangham, 31 La. An. 348.
> Carter vs. Williams, Adms., 33 La. An. 261.
> Leblanc vs. Bouchereau, 16 La. An. 12.
> Williams vs. St. Stephen, 2 N. S. 22.
> Collins vs. Pellerin, 5 La. An. 99.
> Ware & Son vs. Morris, 23 La. An. 663.
> Calderwood vs. Calderwood, 29 La. An. 658.
> Thibodaux vs. Anderson, 34 La. An. 797.
> Bailey & McKie vs. Chase, 18 La. An. 732.
> Crozier vs. Ragan, 38 La. An. 154.
> Howe, Executor, vs. Powell, 40 La. An. 307.
> Zacharie vs. Buckman, 8 La. Rep. 308.

For the reasons assigned, this court is of the opinion that the question certified by the Court of Appeals must be answered in the affirmative, and that Kendall's rights under the case as presented must be held superior to those of the plaintiff, Elizabeth Davis.

And it is ordered that this ruling be certified to the Honorable Court of Appeals, First Circuit, for its guidance.