LAND, J.
These two suits have been consolidated for trial. In both writs of attachment issued, under which were seized a number of tracts of land and of timber as the property of D. G. Saunders. At the date of the suit the title to said tracts of land and *83 of timber stood on tbe conveyance records of tbe parish in the name of the Saunders-Turner Lumber Company, in the form of an absolute warranty deed executed by D. G. Saunders. In the suit of the First National Bank this conveyance was attacked as a fraudulent simulation. The Saunders-Turner Lumber Company pleaded and proved that the said sale was a bona fide transaction to secure the payment of the sum of $15,000 advanced to D. G. Saunders, and that a balance of $11,882.35, with 8 per cent, interest from December 14, 1907, was due and unpaid. The said company prayed that its pignorative and hypothecary rights in the premises be recognized and enforced by judgment of the court.
The cases were tried, and there were judgments in favor of the plaintiffs, recognizing their privilege on the property attached, and rejecting the demand of the Saunders-Turner Lumber Company, which has appealed.
The only question presented in this court is whether the recordation of the warranty deed in the conveyance book of the parish was sufficient to preserve the rights of the Saunders-Turner Lumber Company against third persons. The judge below answered this question in the negative, holding that the deed of sale was a mortgage, and should have been recorded as such.
The said deed was executed in the state of Missouri, for and in consideration of the sum of $15,000 in hand paid to the vendor, and appears on its face to be an absolute conveyance of the lands and timber therein described, with full warranty of title.
It has been uniformly decided in this state that a contract in the form of a sale may operate as a security or pledge. See Wolf v. Wolf, 12 La. Ann. 529. In that ease the court said:
“Their higher title of owner will enable them to hold so much of the thing or its price as is due them against any person who seeks to deprive them of the same by an inferior title. [Williams v. The St. Stephens], 1 Mart.-(N. S.) 417.”
In Davis v. Kendall, 50 La. Ann. 1121, 24 South. 264, the following question was certified by the judges of the Court of Appeal to the Supreme Court, to wit:
“Whether a sale with the right of redemption intended and declared by the court to be one merely as security for debt, duly recorded in the conveyance records, ranks a legal mortgage subsequently recorded in the mortgage records, in a contest over the proceeds of the sale of the property?”
This court in a well-considered opinion answered the question in the affirmative, and inter alia said:
“This assignment of the title took the property off the conveyance and tax assessment records as that of the vendor, and placed the same on the same records as that of the vendee, as well as defeated, so long as the fee remained in the vendee, the attaching of subsequent rights of sale and hypothecation to his prejudice, in favor of any third person, emanating from the vendor. It may well be, however, that rights in favor of such third persons might accrue thereon, taking rank after those of the vendee.”
This decision of an unanimous court is not in conflict with any of the cases cited by counsel for the plaintiffs. In Gates v. Gaither, 46 La. Ann. 286, 15 South. 50, the court recognized and enforced a common-law mortgage executed in the state of Michigan, and duly recorded' in the mortgage book of the proper parish in the state of Louisiana. The mortgage deed was not recorded as a conveyance, and was consequently without effect as such. Id., 46 La. Ann. 289, 15 South. 50. In Succession of William Hutchings, 11 Rob. 512, the instrument in the form of a sale contained recitals which showed that it was a mere security.
In the case at bar the instrument is an absolute sale of the property, both under the laws of Missouri and the laws of Louisiana, and comes squarely within the doctrine announced in Davis v. Kendall, supra. But, as the vendor has an admitted equity in the property, there is no just reason why his creditors should not be permitted to attach *85 anil sell the property, subject to the rights of the vendee to be paid by preference out of the proceeds of the sale.
It is therefore ordered that the judgment rendered and signed in each of these consolidated cases on the 29th day of March, 1910, be amended, so as to read as follows:
It is therefore ordered that the proceeds of the sale of the property attached in. these suits be distributed in order of preference, as follows:
First. To the Saunders-Turner Lumber Company $11,882.35, with interest at the rate of 8 per cent, per annum thereon from December 14, 1907, until paid.
Second. To the First National Bank, the amount of its judgment.
Third. To M. S. Standifer, the amount of his judgment.
Fourth. To the Rice-Stix Dry Goods Company, the amount of its judgment.
And it is further ordered that said judgments, ás thus amended, be affirmed, and that the appellees pay cost of appeal.