### No. 24169.

## WASHINGTON BANK & TRUST CO. v. COWAN–KERR LUMBER CO., Inc. (EDWARDS & BRADLEY, Interveners).

(March 3, 1924. Rehearing Denied by Division B April 30, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Chattel mortgages ⬤⟿150(2)—Ineffectual against subsequent mortgagee when recorded as conveyance.**

Where instrument conveying property as security for performance of obligations under a contract was recorded in conveyance records, but not in mortgage records, though effective as between the parties. it was ineffectual against subsequent mortgagee.

**2. Chattel mortgages ⬩⟺155—Chattel mortgage held superior to prior unrecorded claim, notwithstanding mortgagee's knowledge thereof.**

Where one taking chattel mortgage had obtained certificate that there were no incumbrances on property, such mortgage was superior to prior unrecorded lien, notwithstanding that president of mortgagee bank may have had knowledge of such prior claim; knowledge of pre-existing conveyance or incumbrance not being equivalent to registry.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Action by the Washington Bank & Trust Company against the Cowan-Kerr Lumber Company, Inc., wherein Edwards & Bradley intervened. From a judgment rejecting the demand of interveners, they appeal. Affirmed.

Lewis L. Morgan and J. Monroe Simmons, both of Covington, for appellants.

Benjamin M Miller, of Covington, for appellee Cowan-Kerr Lumber Co., Inc.

Ott & Johnson, of Franklinton, for appellee Washington Bank & Trust Co.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

ROGERS, J. This is a contest between the plaintiff, Washington Bank & Trust Company and interveners and third opponents, Edwards & Bradley (hereinafter styled interveners), over the proceeds of the sale of certain sawmill machinery and other property under executory proceedings to foreclose a chattel mortgage.

The court below rejected the demand of interveners and ordered the proceeds of sale paid over to plaintiff. The present appeal is prosecuted by interveners from said judgment.

The facts are undisputed. Some two years prior to the execution of the chattel mortgage, the defendant lumber company transferred certain movable property to the interveners to guarantee the performance of a contract entered into between them respecting certain timber situated in the parish of St. Tammany. This act of transfer was recorded only in the conveyance records of said parish.

The obligor having defaulted on its original contract the obligees instituted suit to enforce the terms of the contract of guaranty. In this suit the plaintiffs (interveners herein) claimed the ownership of the property described in the contract of guaranty by reason of an alleged forfeiture thereof, and in the alternative they also averred they had a lien and privilege on said property and were entitled to a sequestration to protect their rights. The property was accordingly seized under the writ of sequestration prayed for, but the seizure was subsequently bonded by the defendant lumber company and the property was returned to its possession.

In the litigation which ensued, and which found its way to this court, plaintiff's principal demand to be recognized as the owner of the property sequestered was denied, but plaintiff was allowed its claim for the balance due on the timber cut by the defendant, with recognition of its lien and privilege upon said property. See Edwards & Bradley v. Cowan-Kerr Lumber Co., 153 La. 335, 95 South. 800.

Subsequent to the release on bond of the sequestered property, the defendant lumber company executed a chattel mortgage thereon in favor of the plaintiff bank to secure an indebtedness of more than $4,000 for money advanced and loaned. At the time of the execution of this mortgage there was no lien nor mortgage nor incumbrance of any kind inscribed in the mortgage records of St. Tammany parish against the property mortgaged, as was shown by a mortgage certificate procured by the mortgagee.

In these foreclosure proceedings, interveners allege the superiority of their lien and privilege under the judgment in their favor

recognizing the same and maintaining the writ of sequestration over the lien and privilege of plaintiff, as holder of the note secured by the chattel mortgage; that plaintiff knew when it took the chattel mortgage from the defendant lumber company of interveners' existing lien and privilege on the property.

Interveners prayed that the superiority of their lien and privilege be recognized, and that they be paid by preference and priority out of the proceeds of the sale of the mortgaged property.

[1] In the case of Edwards & Bradley v. Cowan-Kerr Lumber Co., referred to supra, this court held that a lien and privilege resulted in plaintiffs' favor from the pignorative contract conveying the property to plaintiff as security for the performance of defendant's obligations. In other words, the contract was interpreted to be a mortgage given to guarantee the performance of the obligations assumed by the mortgagor—a mortgage bond. The instrument, however, was recorded in the conveyance records but not in the mortgage records. Therefore, while it was effective as between the parties it was ineffectual against the plaintiff bank as a subsequent mortgagee.

The case of the Succession of Hutchings, 11 Rob. 512, is very much in point. In that case, certain lands and slaves were conveyed by an act of sale, which contained a provision that the said property was to be held until the vendees were indemnified for their indorsements for the vendor. The court held that the contract was a mortgage, and not a sale, and that it was not valid against subsequent mortgages, because it was not recorded in the proper office.

The case of Rice-Stix Dry Goods Co. v. Saunders, 128 La. 82, 54 South. 479, cited on behalf of interveners, is not in opposition to the foregoing views. In the cited case there was an absolute conveyance. There was no recital showing that the contract was intended as a mortgage. It was admitted, however, that the vendor had an equity in the property, and, in view of the admission, the court said there was no just reason why his creditors should not be permitted to attach and sell his property, subject to the rights of the vendee to be paid by preference out of the proceeds of the sale. The inference is clear from the language of the opinion that if the instrument in question, instead of being in the form of an absolute warranty deed, had contained any recital showing that it was intended to operate as a mortgage, the court would have held it to be ineffective as against subsequent mortgages because not recorded in the mortgage office.

[2] At the time of the execution of the chattel mortgage, plaintiff bank obtained a mortgage certificate showing that there were no incumbrances of any kind inscribed against the property. No matter what knowledge beyond the records the president of the plaintiff bank may have had of the existence of interveners' claim, such knowledge was not binding upon said bank. It is now well settled that knowledge of a pre-existing conveyance or incumbrance is not equivalent to registry. McDuffie v. Walter, 125 La. 152, 51 South. 100; Soniat v. Whitmer, 141 La. 235, 74 South. 917.

We see no error in the judgment appealed from, and it is therefore affirmed.

Rehearing denied by Division B, composed of DAWKINS, LAND, and LECHE, JJ.