No. ——

First Circuit Appeal

---

OAKDALE BANK AND TRUST COMPANY v. RAY V. YOUNG AND J. H. LEGGETT

---

(May 5, 1925, Opinion and Decree)
(June 30, 1925, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Mortgages—Par. 4, 13.

Where the recitals of a trust conveyance make it very clear that the contract was intended as a security or mortgage for the debt, the conveyance will

be interpreted as a security contract or mortgage.

**2. Louisiana Digest—Mortgages—Par. 37, 40, 75.**

The registry of a mortgage must be made in the mortgage book of the parish where the property is situated under Article 3348 of the Civil Code. If it is inscribed in the conveyance book and not in the mortgage book it will have no legal effect as to "Third Persons".

**3. Louisiana Digest—Mortgages—Par. 10.**

Under Article 3343 of the Civil Code, "Third Persons" are all persons who are not parties to the act or to the judgment on which the mortgage is founded.

**4. Louisiana Digest—Mortgages—Par. 37, 40, 75.**

Where a bank was the owner of a mortgage note made by A and B, each for his undivided half interest in property, and records a trust deed from A in the conveyance records, thereafter cancelling the mortgage and securing another mortgage from A and B without informing B of the trust deed which was recorded in the conveyance records, the trust deed being, in effect, a purported mortgage and not recorded in the mortgage records, will not, thereby, prejudice the rights of B, a third party.

**5. Louisiana Digest—Mortgages—Par. 10, 75.**

A co-mortgagor of an undivided half interest in his property is a "third person" to a trust deed made by the other mortgagor and recorded in the conveyance book instead of the mortgage book.

Appeal from the Fourteenth Judicial District Court of the Parish of Beauregard. Hon. Jerry Cline, Judge.

This is a suit by a bank, the holder of a promissory note secured by a mortgage made by the defendant.

There was judgment for plaintiff and Defendant Leggett alone appealed.

Judgment reversed as to Defendant Leggett.

Leon Sugar, of Opelousas, and Williams & Reid, attorneys for plaintiff, appellee.

Ped. C. Kay, of De Ridder, attorney for defendant, appellant.

MOUTON, J. In February, 1917, the defendants herein, R. V. Young and J. H. Leggett, executed a mortgage on several lots of ground situated in the town of Oakdale to secure the payment of an indebtedness due by them to J. W. May. This mortgage was duly recorded.

On the 5th of February, 1920, Ray V. Young, for the purpose of securing the sum of $4000.00, loaned him by plaintiff bank, executed in its favor a deed in which he declared that he had sold and conveyed to said bank his undivided one-half interest in the lots of ground which he had, with Leggett, the defendant herein, mortgaged to J. W. May to secure their indebtedness to the bank in the act of mortgage executed in February, 1917, as hereinabove stated. This deed, after declaring that R. V. Young had conveyed his undivided interest in these lots, states: "This is a trust conveyance conveying to said vendee and is additional security furnished for a loan of $4000.00, etc." On the question as to whether this contract between Young and the bank was a sale or a pignorative agreement, counsel for plaintiff refers us to Rice-Stix Dry Goods Company vs. Saunders, 128 La. 82, 82 South. 479, which approves the ruling found in Davis vs. Kendall, 50 La. Ann. 1121, 24 South. 264, where a sale with the right of redemption was involved. In the recent case reported in Washington Bank and Trust Company vs. Cowan-Kerr Lumber Company, 155 La. 1076, 99 South. 881, the court, while commenting on Rice-Stix Dry Goods Company vs. Saunders, 128 La. 82, 82 South. 479, says: "In the cited case there was an absolute conveyance. There was no recital showing that the contract was intended as a mortgage."

Here, the recitals of the trust conveyance make it very clear that the contract was intended as a security or mortgage for the debt. Besides it is shown that the plaintiff bank proceeded on this trust deed against Young for the sale of his undivided interest in said lots; that the court decreed it was a security contract; that the property was sold under that judgment, from the proceeds of which the bank received, net, the sum of $1996.67. The wording of the contract, the conduct of the bank in this proceeding, the decree of the court characterizing the deed as a security contract, the receiving of the proceeds of sale by the bank effected under that decree, leaves no room for doubt that this trust deed was a security contract, and does not come under the ruling of the court in Davis vs. Kendall, 50 La. Ann. 1121, 24 South. 264, where by unusual subtlety of reasoning the contract was invested with the dual characteristics of a sale and mortgage. We have gone extensively into the discussion of this question as we thought it was better to properly determine the nature of this contract before entering into the consideration of the other issues presented for solution.

The record shows that on the 5th of February, 1921, the plaintiff bank made a loan of $2300.00 to the defendant, Leggett, and to R. V. Young, as aforesaid. These parties, on said date, February 5, 1921, executed their promissory note in solido in favor of the bank for said amount, and gave a mortgage on the lots of ground which they had mortgaged to J. W. May in February, 1917. It is well established that this sum of $2300.00 was borrowed by these parties to pay the mortgage which May held on these lots, and that this money so obtained from plaintiff was used in cancelling this former encumbrance.

The proof shows that the plaintiff bank received, as before stated, the sum of $1996.67 net from the proceeds of sale of the undivided one-half interest in said lots upon which Young had, in 1920, given this "trust deed" to the bank.

Young has made no appearance in this case, the only defendant being Leggett. This defendant contends, first:

"That the sum of $1996.67 which was collected by the bank from the proceeds of the sale of the undivided interest on the lots in its proceedings against Young on the trust conveyance, above referred to, should be applied to the note and mortgage herein sued upon; that the rentals derived from these lots collected after the execution of the mortgage for $2300.00 by Leggett and Young should also be applied thereto, and that if so applied, the notes declared upon in this suit would be fully paid with interest and attorney's fees."

Leggett also pleads estoppel based on the averment that plaintiff and Young obtained his signature to the notes sued upon through fraudulent misrepresentations, well knowing at the time that Young was insolvent and had either transferred or mortgaged his undivided interest in the lots upon which he, with plaintiff, executed the mortgage declared upon by plaintiff herein.

The lower court rendered judgment in favor of plaintiff, in solido, against Leggett and Young for the $2300.00 claimed in this suit with interest and attorney's fees, subject, however, to credits derived from the rentals of the property amounting to the sum of $1128.36.

Leggett appeals therefrom.

The deed of trust from Young to plaintiff did not possess the dual character of a sale and mortgage as appears to have been the case in Rice-Stix Dry Goods Company vs. Saunders, 128 La. 82, 82 South. 479, and Davis vs. Kendall, 50 La. Ann. 1121, 24 South. 264, hereinabove

commented upon. This deed was, at most, a security contract or mortgage. The proof shows it was recorded in the conveyance records of Allen parish where the land is situated, but not in the mortgage records of that parish.

"The inscription of mortgages only binds the property of the debtor when it has been made in the office of mortgages in the parish where the property lies." The registry of a mortgage must be made in the mortgage book of the parish where the property is situated. C. C. 3348; an act purporting to be a mortgage, but not inscribed in the proper book, has no legal effect as to third persons. Baldwin vs. Bordelon, 49 La. Ann. 1090, 22 South. 196, or Henry A. Willis vs. George E. Wasey, 41 La. Ann. 694, 6 South. 730.

"When an instrument conveying property as security for performance of obligations under a contract was recorded in conveyance records but not in mortgage records, though effective as between the parties, it was ineffectual against subsequent mortgages." Murdock vs. Potter, 155 La. 155, 99 South. 18.

A third person cannot be affected by any notice of a mortgage except the notice conveyed to him by the inscription of the mortgage. John I. Adams & Co. vs. Thomas J. Daunis, 29 La. Ann. 322; Frank Watson vs. Mrs. E. F. Bondurant, 30. La. Ann. 1.

By the words, "third persons", are to be understood all persons who are not parties to the act, or to the judgment on which the mortgage is founded. C. C. 3343. It is clear in the instant case that Leggett was not a party to the trust deed or to the judgment which was obtained thereon. Whether he was, or was not, a third party is the vital question presented in this case. The District Judge said he was not, holding that the third persons mentioned in the article of. the Code are such as are creditors or mortgagees. He grounded his conclusions on Article C. C. 3329, which says that among creditors a mortgage has effect only from the time it is properly recorded.

Our courts have repeatedly held that a mortgage is a quasi alienation of the property subjected to the mortgage. Citizens Bank vs. Armor, 11 La. Ann. 468. Here, Young had by the trust deed, which was a mortgage, made a quasi alienation of his undivided interest in the lots in question upon which the bank accepted the mortgage on February 5, 1921, from Leggett and Young, and which it seeks to enforce against the other undivided half belonging to Leggett. Leggett, the defendant, was unquestionably vitally interested in being informed that his co-mortgagor under this mortgage had by a prior deed alienated his share in the property. This notice could be communicated to him only by a proper registry of this trust deed. We do not think that the words, "third persons", used in that article of the Code should be restricted to creditors, mortgagees, or such like. We believe it should receive a broader application and should include a situation as herein presented.

The evidence shows that the bank, through its representative, was perfectly willing, if not eager, to make this loan of $2300.00 to Leggett and Young. The bank knew the purpose of the loan was for the cancellation of the first mortgage which had been granted on the property by Young and Leggett in 1917. Its purpose was to have this encumbrance cancelled so that its trust deed from Young should rank as a first mortgage. The bank, it appears, acting through its representative, Singletary, sedulously concealed from Leggett that such a deed covered the property, and in this respect this representative was well assisted by Young, Leggett's co-mortgagor. Leggett was

from another parish and, though no false representations were made to him by either Young or Singletary, the truth was cunningly kept away from him, otherwise it is not to be believed for a moment that he would have joined in a solidary obligation to encumber his share in the lots with a mortgage in favor of the bank. Hence, Leggett never had any notice of the existence of the trust deed through its registry in the proper book as by law required, or otherwise. He is entitled to the relief asked. The sum obtained by the bank on the trust deed, amounting to $1996.67, must, with the credits for rentals found by the District Judge, be applied on the notes and mortgage sued upon. These amounts combined exceed the demand of the plaintiff herein.

It is therefore ordered, adjudged and decreed that these amounts be so applied in extinguishment of the demand of the plaintiff; that the mortgage bearing on the undivided half interest of Leggett in the lots in question described in the decree below be cancelled; that the judgment appealed from be annulled and reversed, and that plaintiff's demand be rejected at its cost in both courts.