DAVIS Co., Appellant, v. CASSO

(February 14, 1927.   Opinion and Decree.)

*(Syllabus by the Court)*

1. **Louisiana Digest—New Trial—Par. 26.**

An application for a new trial on the ground of newly discovered evidence is properly refused when the applicant could have obtained the evidence before the trial, had he used due diligence.

2. **Louisiana Digest—Sales—Par. 218.**

A manufacturer of paint warrants that it is fit for painting.

Appeal from First City Court.   Hon. W. V. Seeber, Judge.

Action by H. B. Davis Company against Lawrence Casso.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Feitel & Feitel, of New Orleans, attorneys for plaintiff, appellee.

Chas. J. Conklin, Ernest J. Robin, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.   This is a suit for $155.67 for the price of paint sold and delivered by the plaintiffs, who reside in Baltimore.

The defendant answered that the paint which plaintiffs sold him proved unsatisfactory and unusable in his business and caused him damage; that he had on hand twenty-one gallons of paint which he of-

fered to return to the plaintiff; that he had to do the painting over again upon three jobs at an additional cost to him of $105.00, which he claimed in reconvention.

There was judgment in favor of defendant dismissing plaintiff's demand, and in favor of plaintiff dismissing the reconventional demand.

The plaintiff prayed for a new trial on the ground of newly discovered evidence. The new trial was refused, and the plaintiff has appealed.   Defendant did not appeal.

The motion for a new trial was based upon the allegation that, since the trial of the case, plaintiff had occasion to speak to one Gus Pitard, who was the local agent of plaintiffs in New Orleans, and that Pitard "will testify that he sold the paint to Lawrence Casso, that he saw him several times after the paint had been sold; that the defendant at no time complained to him of the quality of the paint; that the defendant did offer to return the paint to him, not on account of the quality of the paint, but on account of said defendant's inability to meet his obligations.

The answer alleged that the paint was "unusable and unsatisfactory," and the defendant, as a witness, testified that he had purchased the paint from Gus Pitard as the local agent of plaintiff.

The Code of Practice authorizes the granting of a new trial for the purpose of introducing new evidence only when that evidence has been discovered since the judgment was rendered and which the party applying for the new trial did not know, "although he had used every effort and diligence in his power to procure the necessary testimony".   C. P. 561; 5 La. Dig., p. 538, S. 26.

We think that the plaintiff could have secured that testimony from Pitard before the trial. They were notified of the defense by the answer and Pitard was their agent. Succession of Coste, 43 La. Ann. 144, 9 South. 62; Baldwin vs. Bordelon, 49 La. Ann. 1090, 22 South. 196; Yarborough vs. Swift & Co., 119 La. 344, 44 South. 121; Doiron vs. Baker-Wakefield Cypress Co., 131 La. 618, 59 South. 1010.

The evidence satisfies us that the paint sold and delivered to the plaintiff was of an inferior quality and not fit for use, "that within a few months after it was applied it cracked and peeled off". In the case of American Paint Works vs. Metairie, 1 La. App. 396, we said:

"A manufacturer of paint warrants that it is fit for the purposes for which it is sold."

See .also Mansell Hunt Catty Co. vs. Elmer Candy Co., No. 9507 Orleans Appeal.

The plaintiff offered no evidence of any kind.