### Henry Schadel *v.* Alexander St. Martin.

Mortgages are so far *stricti juris* that they cannot be extended by implication.

The dissolution of the lease, by the destruction of the premises, does not give the lessee any right to recover back money paid for previous rent.

When there is a partial execution of the principal obligation, the Judge may modify the penalty, unless there is a contrary agreement.

Code 2121, 2123, 2231.

APPEAL from the District Court, Sixth District, Parish of East Baton Rouge,
*Robertson*, J. *Seymour*, for plaintiff. *J. M. & J. E. Elam*, for defen-
dant and appellant.

Merrick, C. J. On the ninth day of March, 1854, the defendant leased to
the plaintiff a brewery and dwelling house in the town of Baton Rouge for three
years, to commence the 15th day of the same month, at a rent of fifty dollars
per month. The lease contained the following mutual covenant viz: "For the
full and ample compliance of the above contract, the said *Henry Schadel*, en-
gages himself to deposit, as a forfeit in case of evasion or non-compliance, the
sum of five hundred dollars in the hands of *St. Martin*, and the said *St. Mar-
tin*, on his part, for the same purpose, engages to give the said *Schadel* mort-
gage to the said amount of five hundred dollars on the property leased as above.
The said *St. Martin* further obliges himself to pay the said *Henry Schadel* the
amount of eight per cent. interest on the five hundred dollars deposited by the
said *Schadel* as a forfeit as aforesaid, the parties then binding themselves mutu-
ally in the sum of five hundred dollars each for the faithful performance of
this contract."

The mortgage was accordingly executed by *St. Martin*, and the money de-
posited by *Schadel*. The plaintiff took possession of the property, and paid
the rent regularly, until the 15th day of August, when *Jules Bonecaze*, a son of
*L. Bonecaze*, the defendant's agent, called on plaintiff for the rent for the month
terminating that day. The answer given was, that defendant owed him five
hundred dollars, and he would not pay the rent until he was guaranteed its
payment.

On the 27th day of August, the brewery burned down, leaving the dwelling
house standing. Defendant had an insurance on the building, and the plaintiff
on his stock. The insurance company paid to each his respective loss.

SCHADEL
*v.*
St. Martin.

On the fifth day of September the plaintiff notified the defendant's agent that the lease was avoided by the fire, and that he would presently remove from the premises, which he did.

The defendant having returned home on the 26th day of September, (after plaintiff had removed from the premises) notified the plaintiff that it was his intention to rebuild the brewery, and place the premises in the condition they were at the commencement of the lease, and that he would submit to an equitable deduction on account of the time he would lose.

Plaintiff instituted this action against the defendant on the 28th day of October, 1854, to recover the five hundred dollars deposited, and eight per cent. interest, and the four months' rent which he had paid.

The defendant rebuilt the brewery on another part of the premises.

The Judge of the lower court gave plaintiff judgment for four hundred and fifty dollars, and eight per cent. interest thereon from the date of the deposit.

The plaintiff moved the court to reconsider the judgment, and the defendant moved for a new trial, both in vain.

The defendant appealed. The plaintiff has filed an answer praying an amendment of the judgment.

In this court the plaintiff and defendant present the following points, arising from the foregoing state of facts:

1st. The judgment ought to be amended, so as to recognize plaintiff's mortgage for the reimbursement of the five hundred dollars.

2d. That the judgment ought to be so amended as to give plaintiff the whole amount deposited and the whole amount of rent paid, inasmuch as the forfeit was without the fault of plaintiff.

3d. The defendant contends that, inasmuch as the plaintiff was in default for the non-payment of and the refusal to pay the rent on the fifteenth day of August, he forfeited to the defendant the five hundred dollars deposited, and that the plaintiff, being in default himself, could not put the defendant *in mora.*

Before considering these objections, we will observe that, although the defendant's counsel notices that the Judge of the lower court did not allow the defendant rent from the 15th to the 27th of August, he does not complain of the judgment in this respect. Indeed he based his motion for a new trial on the grounds above stated.

I. As it respects the first ground taken, it is sufficient to say that mortgages are so far *stricti juris* that they cannot be extended by implication. The lessor did not promise to give a mortgage for the return of the deposit, and in the mortgage which was given it was expressly declared to be "To secure the payment to the said *Schadel* of the forfeiture of five hundred dollars for any infringement of said lease *on the part of said lessor.*" It is difficult to perceive how this can include the deposit of plaintiff, which stood itself as a penalty.

II. Conceding for the present that plaintiff's action can be maintained, it by no means follows that he has a right to demand a return of the rent paid prior to the dissolution of the lease by the loss of the thing leased. When he paid the rent the lease was in full force, and he was simply paying a debt. The dissolution of the lease certainly could not give him a right to demand back money which had been paid for an equivalent. C. C., 2281.

III. We look upon the five hundred dollars deposited with the defendant as a penalty. The Code provides that the creditor cannot exact both the penalty

and the principal obligation. C. C., 2121. Whenever there is a partial execution of the principal obligation, it is in the power of the Judge to modify the penalty, unless there is a contrary agreement. C. C., 2123; 7 An., 231. The Judge of the lower court seems to have exercised the discretion in this case in a proper manner, by deducting the rent due from the sum deposited. The refusal to pay the rent did not have the effect of rendering the lease indissoluble.

We think the District Judge has done complete justice between these parties. Judgment affirmed.