No. 1979
Second Circuit Appeal

## VIRGIL REED v. HERSCHEL McGINTY

(October 31, 1924, Opinion and Decree)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Mortgages—Par. 4.**

A purported act of sale of real property, coupled with right of redemption, will be construed to be mortgage to secure an indebtedness when the facts and attendant circumstances clearly indicate the pignorative character of the contract.

2. **Louisiana Digest—Mortgages—Par. 4.**

Where the alleged price of the sale of immovable property was vile and inadequate, and where the purported vendee failed to take possession of the property and permitted the purported vendor to remain in undisturbed possession of the property for a number of years without the payment by him of any rents, and where the vendee received payments on the indebtedness which constituted the alleged consideration for the sale and receipted for same, the transaction will be construed to be one of security only by which the property stands hypothecated to secure the payment of the indebtedness due the purported vendee by the vendor.

3. **Louisiana Digest—Fraud—Par. 9, 10; Fraudulent Conveyances, Par. 117.**

It is not necessary for plaintiff to allege fraud, error or mistake in order for him to prove that an act purporting to be one of sale with right of redemption is in truth and in fact a mortgage to secure an indebtedness, particularly so when resort is had to answers elicited from the defendant to interrogatories on facts and articles.

4. **Louisiana Digest—Mortgages—Par. 56.**

Where an act of sale with right of redemption is construed to be in reality a mortgage to secure a particular indebtedness, the mortgage could not, by implication, be extended so as to include other and subsequent indebtedness of the apparent vendor to the apparent vendee; for to permit such would be to eke out a mortgage by

parol or by mere application, and mortgages are so very stricti juris that they cannot be extended by implication to secure any other obligation than that expressly mentioned in the act.

5. **Louisiana Digest—Mortgages—Par. 84, 85.**
Where a purported sale with right of redemption is held to be a mortgage to secure an indebtedness, the hypothecary right of the apparent vendee on or against the property covered by the act will be reserved.

Appeal from the Fifth Judicial District Court, Parish of Jackson, Hon. R. W. Oglesby, Judge.

This is a suit to have an act of sale of real estate to be declared in reality a mortgage. Defendant filed an exception of no cause of action and pleas of ten years and five years' prescription. There was judgment partly in favor of plaintiff, ordering that the plaintiff should pay all costs of suit.

Plaintiff appealed.

Judgment amended and defendant ordered to pay costs of suit.

T. S. Price, attorney for plaintiff and appellant.

John H. Matthews, attorney for defendant and appellee.

CROW, J. On January 13th, 1913, plaintiff signed and executed an act which purports to be an absolute deed of sale to defendant of eighty acres of land situated in Jackson parish, and described as the E½ of SE¼ of Section 33, Township 14 North, Range 4 West, for a recited cash consideration of $208.34. On January 24th, 1923, plaintiff filed this suit, in which he alleged that although the said act purports to be one of sale, it in reality was given and intended as a mortgage, or an act to secure an indebtedness due to defendant by plaintiff. He further alleged that he is the owner of the land, and has

been in continuous and undisturbed possession thereof since the said purported deed was executed. He also alleged that the price was wholly inadequate, and that he had executed his one certain promissory note to and in favor of defendant for the sum of $208.34, with eight per cent per annum interest from January 1st, 1913, to secure the payment whereof the said pretended act of sale was executed.

Plaintiff next alleged that he had made payments on said note as follows: $30.00, January 8th, 1916; $30.00, Oct. 11th, 1916; $33.70, Oct. 15th, 1917; $20.87, Jan. 24th, 1920. He annexed to his petition receipts signed by the defendant for the several amounts. He finally alleged that the land was well worth $800.00 at the time of the said pretended sale, and that he had offered to pay defendant the amount of the note, with accrued interest, but that defendant refused to sign a deed of retrocession to plaintiff.

Plaintiff propounded interrogatories on facts and articles, to defendant, and prayed that on final trial, the said purported act of sale be decreed to be a mortgage, or security for the aforesaid indebtedness represented by the aforesaid note, and that upon the payment to defendant of the balance due thereof, defendant's said purported and pretended act of sale be canceled and erased from the records of Jackson parish.

Defendant filed an exception of no cause of action and pleas of ten years and five years prescription. The exception and pleas were tried in limine and overruled by the trial judge.

The exception of no cause of action was based in the ground that there was no allegation of fraud, mistake or error, and that, therefore, no evidence would be admissible to vary or contradict the recitals of the deed, since, he contended, there was no written act evidencing anything to the

contrary. That contention is, however, disposed of when we recall that plaintiff had propounded interrogatories on facts and articles to defendant, the answers to which could and might take the place of the necessary written evidence. It is too well settled in the jurisprudence of this State to require citation of authoritiy that a party can evoke answers to interrogatories on facts and articles, which can be used in evidence in lieu of written evidence, which may be lacking. In fact, there are two ways by which the varity or reality of a written act pertaining to real property can be assailed, viz: By the production of a counter letter, and by answers, elicited from a party to the act, to interrogatories on facts and articles.

In addition to the answers to the interrogatories which plaintiff sought to elicit from defendant, he annexed to his petition receipts signed by the defendant, which he alleged were for money paid to defendant on the said note to secure which he alleged the "pretended" deed was given. He also annexed to his petition letters from defendant in which he insisted on payments being made by plaintiff on the amount due him by defendant, and which pertained to the aforesaid indebtedness.

The plea of ten years prescription is based on Article 2568 of the Civil Code, which says:

"The right of redemption cannot be reserved for a time exceeding ten years. If a term, exceeding that, has been stipulated in the agreement, it shall be reduced to the term of ten years."

Of course, the latter plea was interposed by defendant on the assumption that the court would probably construe the purported deed to evidence a sale, with the right of redemption. This, we do not find to be the case. It is true that defendant in his answers to the written interrogatories on facts and articles, says that he had a verbal agreement with plaintiff when the deed was executed whereby plaintiff was to have a retrocession of the property from defendant, provided plaintiff paid the amount of the aforesaid note, interest and taxes, within three years from the time of the transaction. However, the preponderance of the evidence shows that such was not the real agreement between the parties. In addition to other testimony to the contrary, it is a fact, very important in construing the real intention of the parties to the deed, that plaintiff continued to remain in actual possession of the property, and frequently, to the apparent knowledge of defendant, cut, removed and sold timber from the land. Some of the timber was manufactured into cross ties by plaintiff, and sold and delivered, in the manufactured state, almost, if not actually, in the presence of defendant.

Another circumstance which militates against the contention that the transaction was intended as a sale—and a sale with right of redemption is one form of sale—is that during all the period from January 13th, 1913, to January, 1922, no rent was paid to or demanded by defendant. Then, too, on March 15th, 1920, defendant took a new note from plaintiff for $498.67, which he said covered the full amount due him on the original note for $208.34, interest and taxes. Across the face of the larger note apparently in defendant's own handwriting, is this notation:

"This note is amt. due to 1-1-2ʊ and I am to deed him (plaintiff) 80 acres land when paid with interest.
(Signed) H. McGinty."

In answer to interrogatories on facts and articles, defendant said that when he took the new note, he agreed with plaintiff to deed the land back to plaintiff if plaintiff should pay the full amount of the note by January 1st, 1921. In that respect, he is contradicted by his own written state-

ment across the face of the note. That notation says that defendant is to deed plaintiff eighty acres of land when the amount of the note, with interest, is paid. The note was not make payable on January 1st, 1921, the time when defendant says it was to be paid if he should deed the land back to plaintiff, but was made payable one day after date. The language of the notation indicates that the intention of both parties to the act was that the land should simply stand as security for the payment of the debt due defendant by plaintiff. Then there was no sale with reservation of right of redemption; but the act of purported sale was intended to be a mere pignorative contract by which the land was to stand as security for the payment of the original note.

The plea of ten years prescription is based on the fact that more than ten years had elapsed after the first note was executed. when this suit was instituted. However, pretermitting the conclusion above expressed that the act was never intended to be a sale with right or redemption, and admitting, for the sake of argument, that the transaction was originally intended to be a sale with right of redemption, defendant is in no position to urge the prescription of ten years under Article 2568 of the Civil Code, because he introduces in evidence the later note of date March 15th, 1920, on the face of which he had written the stipulation that he was to deed to plaintiff the land in question when the note is paid. That was neither a renewal of the old obligation to reconvey the land, or else it operated an interruption of the prescription provided by said Article of the Code. Ten years will not have elapsed since the last note was given till March 15th, 1930. Hence, in either view the plea of ten years prescription was properly overruled.

Defendant also filed a plea of estoppel, based on the allegation that plaintiff had

"rented, leased and hired the land described in his petition" from defendant "each and every year since the year 1913", and especially did he so rent and lease the land for the year 1922, for the consideration of $125.00 for which he executed his promissory note payable to the order of defendant ,and in which was the stipulation that the note was given to cover the rent of the said land for said year. In support of that plea, defendant filed in evidence the record in suit numbered 2167 on the docket of this court, and styled Herschel McGinty vs. Virgil Reed, which record contained said note.

The note above referred to is found in the record and contains the stipulation: This is for rent on place I am living on for 1922 and is owned by H. McGinty". The statement appears in the handwriting of Mr. McGinty, or his agent Mr. Gatlin, and appears to have been signed by Virgil Reed with his mark. Virgil Reed, the plaintiff in the case at bar testifies that he did not sign the note, and has no knowledge that such a rent note was given by him. Regardless, however, of whether he signed it or not, we are of the opinion that he, being unable to read or write to any appreciable extent, did not understand that he was recognizing defendant as the owner of the land. He evidently meant, if he signed the note, that defendant had a deed to the land, or an act which purported to be a deed to the land. In view of all the testimony in the case, and in view of the conduct of the plaintiff and the defendant with reference to the entire transaction between them, we are constrained to hold that the estoppel is not well founded, and that it was properly overruled.

On the trial of the merits, the trial Judge rendered the following judgment:

"It is ordered, adjudged and decreed that the deed from plaintiff, Virgil Reed, to defendant, Herschel McGinty, dated the 13th

day of January, 1913, and recorded in Book No. 'Q' at pages 313, and 314 of the Conveyance Records of Jackson Parish, edness of plaintiff, Virgil Reed, to defendant, ness of plaintiff, Virgil Reed, to defendant, Herschel McGinty."

"It is further ordered, adjudged and decreed that the indebtedness of the said Virgil Reed due and owing to said Herschel McGinty, which said deed and act secures, is the sum of five hundred fifty-eight and 21/100 ($558.21) dollars, including interest up to May 7th, 1923; and that said amount shall bear eight per cent annum interest from May 7th, 1923 until paid."

"It is further ordered, adjudged and decreed that in the event plaintiff, Virgil Reed, pays to defendant, Herschel McGinty, the full amount of five hundred fifty-eight and 21/100 ($558.21) dollars, with eight per cent per annum interest thereon from May 7th, 1923, until paid, within thirty days from the date of this judgment, then and in that event, the said deed and act of sale from said Virgil Reed to said Herschel McGinty, dated January 13th 1913, and recorded in Book 'Q' at pages 313 and 314 of the Conveyance Records of Jackson Parish, Louisiana, is hereby set aside, revoked, rescinded and annulled, and ordered cancelled and erased from the said Conveyance Records and thereby plaintiff, Virgil Reed, becomes the owner of the E½ of SE¼ of Section 33, Township 14 North, Range 4 West, situated in Jackson Parish, Louisiana, free from any lien, condition, burden or encumbrance."

"It is further ordered, adjudged and decreed that in the event plaintiff, Virgil Reed, does not pay to defendant, Herschel McGinty, the full amount of five hundred fifty-eight and 21/100 ($558.21) dollars, with eight per cent per annum interest thereon from May 7th, 1923 until paid, within thirty days from the date of this judgment, then and in that event, the deed and act of sale from the said Virgil Reed to said Herschel McGinty, dated the 13th day of January, 1913, and recorded in Book 'Q' at pages 313 and 314 of the Conveyance Records of Jackson Parish, Louisiana, thereby becomes absolute, and thereby perfects title and ownership of the said E½ of SE¼ of Section 33, Township 14 North, Range 4 West, situated in Jackson Parish, Louisiana, is then deemed and decreed to be vested in defendant, Herschel McGinty, free from all condition, liens, burdens and encumbrances; and at the same time,

the said hereinabove written, then, becomes cancelled and estinguished."

"It is further ordered, adjudged and decreed that plaintiff, Virgil Reed, pay all costs of this suit."

"This rendered May 7th, 1923; Read and signed in open court on this the 11th day of May, A. D., 1923.

(Signed) R. W. Oglesby
Judge of Fifth District Court."

We think the learned Judge of the lower court was correct in holding that the act of purported sale was intended to be a mere mortgage to secure an indebtness. The evidence in the record amply justifies that conclusion. In fact, it is obvious that neither party ever regarded the transaction other than one whereby plaintiff had mortgaged his land to defendant to secure the payment of the note, simultaneously executed for $208.34, with interest as therein stipulated.

For some nine or ten years, defendant permitted plaintiff to live on, use and cultivate the land, and to cut and remove valuable timber therefrom, without raising his voice in protest against the acts of plaintiff. All during that period of time, defendant continued to hold the note of plaintiff for $208.34, the exact amount stipulated in the purported deed as the consideration for the purported sale and purchase of the land. In fact, defendant admits in his answers to the interrogatories on facts and articles, that there was no other consideration for the purported sale than the amount represented by the note. As a matter of fact, defendant collected payments from plaintiff at various and sundry times, and gave plaintiff's note credit therefor. He explains his attitude in that regard by saying that there was a varbal understanding with Reed that if he paid the note within three years from its date, he would reconvey the land to him. But defendant continued long after the three years had elapsed to permit the plaintiff to live on and use the land, without

the payment of the rent, and continued to accept payments on the note and to acknowledge receipt therefor. Such conduct on the part of defendant was inconsistent with his present position that the transaction was a real sale to him of the property in question.

Furthermore, plaintiff, while still holding on to the note (renewal note) is claiming the land also. In other words he appears in the inequitable attitude of claiming both the thing and the price. He claims the land, but he has not offered to return the note or cancel it. It appears reasonable that if Virgil Reed had thought that he was considering or admitting that defendant was the owner of the land, he would have demanded the return or cancellation of the note.

Another thing which is indicative of the pignorative character of the purported deed, is the inadequacy of the price. The preponderance of the evidence shows very clearly that the land in question was worth more than twice the amount expressed in the deed as the consideration for the alleged sale. It has been frequently held by our Supreme Court that the conveyance of real property in the form of a sale does not vest the ownership in the apparent buyer, it the deed was really intended by both parties to be a mortgage, and such intention is usually proved by showing that the price was vile or inadequate, and that the apparent vendor remained in possession without the payment of rent. (See Parmer vs, Mangham, 31 La. Ann. 348; Crozier vs. Ragan, 38 La. Ann. 154; Howe vs. Powell, 40 La. Ann. 310, 4 South. 450.

On March 1st, 1918, defendant wrote, signed and gave plaintiff a document reading as follows:

"Recd. of Virgil Reed on his note of $208.34, with int. from Jan. 1, 1913, the following payments: Jan. 8, 1916—$30.00; Oct. 11, 1916—$30.00; Oct. 15th, 1917—$33.70.
This March 1, 1918.
(Signed)  H. McGinty."

That document clearly indicates that defendant was recognizing plaintiff as the real owner of the land, and himself as a mere mortgagee. Otherwise, he would not have continued to hold the original note and accept payments thereon and receipt for same.

Defendant also signed another receipt for $20.87, on Jan. 24, 1920, stating in the receipt that the money was received "on land". Defendant admits in his testimony that the plaintiff is entitled to credit for the latter amount.

As hereinabove stated, defendant on March 15, 1920, had plaintiff to sign a new note in favor of the former for the sum of $498.67. This note seems to have included the amount due on the original note to January 1, 1920, and probably taxes, which may have been paid by defendant for plaintiff. Defendant testified that at that time, he let plaintiff have some more money which was included in the latter note.

The trial Judge, after decreeing that the apparent deed was an act to secure an indebtedness of plaintiff to defendant, then decreed that the amount of said indebtedness was $558.21, including interest up to the date of the judgment, May 7, 1923, and that said amount should bear interest at eight per cent per annum from date of the judgment. Clearly, there is error in that part of the judgment, for, after including interest up to the date of the judgment in the principal amount, he allowed interest on the total sum, which is patently the allowing of compound interest, which is prohibited by our law.

The decree next recites that if plaintiff pays the last named amount, with interest as aforesaid, within thirty days from the

date of the judgment, the said deed shall be "set aside, revoked, rescined and annulled, and ordered cancelled and erased from the said Conveyance Records", etc. It then recites that on plaintiff's failure to pay said amount within thirty days from date. of the judgment, the defendant becomes the absolute owner of the land in question, and the said deed is held to convey perfect title to defendant to the land in question, "free from all conditions, liens burdens or encubrances; and at the same time, the said indebtedness of said Virgil Reed to said Herschel McGinty, as is above written becomes cancelled and extinguished."

However, equitable the two latter portions of the decree may appear, it is apparent to us that those portions of the judgment are erroneous. In the first place, if the act of purported sale was once a mortgage, it will always be a mortgage, and its character as such could not be changed by the mere failure of the plaintiff to pay the indebtedness which the mortgage was intended to secure. The plain remedy of the defendant in such event would be to bring foreclosure proceedings, and have his hypothecary right recognized on the land, and it seized and sold to satisfy the debt. Defendant does not pray, even in the alternative, that his right to proceed against the property be recognized and enforced. That right, however, should be reserved to him. Evidently the decree goes beyond the prayer of defendant's answer.

In the second place, we think the court below erred in computing the amount due by plaintiff, and for which the land stands hypothecated by virtue of the purported deed. The trial Judge evidently took the latter note, of date March 15, 1920, as the basis for his computation. That was error; for, since the deed was in reality a mortgage to secure a particular indebtedness,

the mortgage could not, by implication, be extended so as to include other and subsequent indebtedness of the plaintiff to the defendant. To permit such would be to eke out a mortgage by parol or by mere implication. Mortgages are so far *stricti juris* that they cannot be extended by implication to secure any other obligation than that expressly mentioned, such as advances of money subsequently made, as done in the case at bar. Schadel vs. Alexander St. Martin, 11 La. Ann. 175; Durrive vs. Key, 20 La. Ann. 154; Flower & King vs. J. W. O'Bannon, 43 La. Ann. 1042, 10 South. 376; Leger vs. Leger, 118 La. 322, 42 South. 951.

It appears that although plaintiff signed the latter note of March 14, 1920, he did not sign any sort of additional act of mortgage to secure the full amount of said note. Evidently, therefore, the mortgage could not be extended to include all the latter note. It also appears that plaintiff has had to pay $125.00, with interest, under forced sale of his property seized under a writ of fieri facias in execution of a judgment for the above amount, which should be credited on the note, of date March 15, 1920.

Although the trial Judge rendered judgment partly in favor of plaintiff, he decreed that plaintiff should pay all costs of the suit. That was also error, and will be corrected by us in our decree herein.

To avoid confusion, we shall recast the entire decree of the lower court.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the lower court, be, and it is, hereby amended and 'recast so as' to read as follows: It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, decreeing the purported act of sale from plaintiff to defendant, of date January 13, 1913, and recorded in Book 'Q' at pages 313 and 314 of the Conveyance

Records of Jackson Parish, Louisiana, to be an act to secure an indebtedness of $208.34, with eight per cent per annum from January 1, 1913, from plaintiff to defendant, less credits of $30.00 paid Jan. 8, 1916; $30.00 paid Oct. 11, 1916; $33.70 paid Oct. 15, 1917, and $20.87 paid Jan. 24, 1920; and that when the amount of said note, with all accrued interest, less the credits above indicated, shall have been paid, the purported deed aforesaid be cancelled and erased from the records of Jackson Parish.

It is further ordered, adjudged and decreed that defendant's hypothecary right to proceed against the land described in said purported deed, to-wit: the E½ of SE¼ of Section 33, Township 14 North, Range 4 West, be reserved, as well as his right any balance which may be due on the note to proceed in an ordinary action to collect of date March 15, 1920, after the amount due on the original note as herein determined, shall have been paid, and reserving to plaintiff the right to claim credit on the note of date March 15, 1920, for the $125.00 and interest he may have paid under the judgment in suit No. 2167, entitled Herschel McGinty vs. Virgil Reed, of the docket of this court.

And it is further ordered, adjudged and decreed that the defendant pay all costs of both courts.