### W. A. ANDREW *v.* A. H. BRADLEY et al.

Where there is no separation of property between husband and wife, a purchase by the wife must be considered as a purchase by the community, and the property liable for the community debts. Where a contract of suretyship is extended to embrace " any future balance of accounts," third persons will not be bound by it. C C., 2371.

APPEAL from the District Court of Franklin, *Barry*, J.
    *Mayo*, for plaintiff and appellant. *McGuire & Ray*, for defendant.

BUCHANAN, J. Plaintiff claims damages for the sale, in execution of a judgment against a third person, of certain four slaves, which he alleges to be his property.

He produces, in support of his claim, the separate deeds of conveyance to himself of the slaves by him claimed; but the evidence shows that the purchase was made in his name as security for the reimbursement of *acceptances given by a third party* for the price of three of the slaves; that the purchase was really made by the request and for the account of the wife of the party defendant in the execution—a request conveyed through that party himself, as the agent of his wife; that the slaves immediately passed into the possession of the wife of the defendant in execution, where they remained until their seizure. As there is no proof of any separation of property between the *defendant in execution* and his wife, the purchase by her must be viewed as a purchase by the community, (C. C., 2371,) and the property liable for the community debts.

As between plaintiff and the defendant in execution, the contract was one of suretyship, (5 An., p. 99,) and the only question is, whether the drafts given by the defendant in execution, the *true purchaser, professedly acting as agent of his wife*, and accepted by *H. Frellsen & Co.*, have been satisfied and paid to the latter. The account current in evidence shows that to have been done. The acceptances are charged on the day of their date, the 12th June, 1847. They matured on 15th January, 1848. On the 14th June, 1848, a balance in general account is struck in favor of *Frellsen & Co.* of $2436 60, against which there is a credit, on the 20th June, 1848, by proceeds of 100 bales cotton sold that day, of $2426 98, thereby reducing the indebtedness of the defendant in execution, at that date, to

<div align="right">ANDREW<br>v.<br>BRADLEY.</div>

less than ten dollars. It is to be observed, that the total amount of the three acceptances in question is but $1872 50.

As to the agreement* of the 14th June, 1848, mentioned by plaintiff in his answers to interrogatories, to extend the contract of suretyship to any future balance of account, we do not regard it as binding on third persons. The contrary doctrine would be of dangerous precedent, and opposed to sound principles. The title in one party, accompanied by possession in another, is of itself a badge of simulation, and liens should be confined strictly within legal limits. Such we understand to be the doctrine of *Villars* v. *Morgan*, 3 N. S., quoted by plaintiff's counsel, and that of *Collins* v. *Pellerin*, in 5 An.

Judgment affirmed, with costs.

---

* The plaintiff stated, in answer to the interrogatories propounded to him: "The said notes were accepted by *H. Frellson & Co.*, endorsed by me, but subsequently to that time, viz., on the 14th June, 1848, as per written agreement between us, it was agreed that I should still retain the title to said negroes as security for any amount due or might become due by said *Dosson* to the firm of *H. Frellson & Co.*"—[REP.]