## No. 9787.

### CHARLES B. MILLER vs. R. H. SHOTWELL ET AL.

An instrument, executed in the State of Alabama and shown to be a mortgage in that State will be treated as such by the courts of Louisiana; but as the lands affected thereby are situated in Louisiana, its effect must be regulated by the laws of this State.

Under our laws, a mortgage does not, of itself, operate a divestiture of title from the mortgagor to the mortgagee.

The mortgagor retains the title and under it will defeat claims of ownership set up by the mortgagee, as resulting from the mortgage.

A common law mortgage is not similar to *vente a rémeré*, under the Civil Code of Louisiana.

APPEAL from the Twenty-fifth District Court, Parish of Vermilion. *Clegg,* J.

*Henry St. Paul* and *Jos. A. Breaux* for Plaintiff and Appellant.

*O'Bryan & White* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. This litigation, which plaintiff styles "a suit for slander of title, with the object to try title," involves the ownership of a large tract of land situated in the parish of Vermilion in this State.

Plaintiff has appealed from a judgment which decreed that the defendants were the owners of the property in suit.

Both parties claim title from C. A. Hatch.

Plaintiff as the vendee of Thomas P. Miller, who had purchased from C. A. Hatch, rests his claim on a deed executed on the 17th of October, 1860, in the State of Alabama, between J. L. and R. H. Shotwell and C. A. Hatch; and the defendants rely on a sale to them by Hatch, under date of December 14, 1860, under which they took and have since retained possession of the lands.

There is no dispute about the original titles of Hatch.

The main controversy hinges upon the proper construction and legal effect of the deed of October 17, 1860, between Hatch and the defendants.

In order to throw the best light on the discussion we transcribe the leading features of the document.

" The State of Alabama, Mobile county:

" Whereas, we, James L. Shotwell and R. H. Shotwell, of the city of Mobile and State aforesaid, are indebted to Christopher A. Hatch, of the parish of Vermilion, State of Louisiana, in the sum of $16,216.60, as the purchase money of the land hereinafter mentioned; and, whereas, for the payment of said money, we have made our four promissory notes payable to the order of said Hatch and T. P. Miller, at the bank of Mobile, each for the sum of $4054.16, * * * and, whereas, we are desirous to secure the payment of said purchase money; therefore, we do hereby bargain, sell, convey and confirm unto the said C. A. Hatch, the following described lands purchased as aforesaid, to-wit."

* * * * * *

" To have and to hold unto him the said Hatch and to his heirs and assigns forever, upon the condition, however, that if we shall pay the

amount aforesaid according to the tenor of the promissory notes aforesaid, then these presents shall be null and void; otherwise to remain in full force and virtue." Dated October 17, 1860.

The text of the instrument, viewed in the light of our jurisprudence, and of the laws of Alabama, as shown both by evidence and authority, leaves no doubt in our minds as to the true intention of the parties thereto.

It was clearly to create a mortgage by way of security for the purchase price of the lands therein described.

The leading consideration in the instrument is an acknowledged indebtedness by the Shotwells to Hatch, and the object of the deed was "to secure the payment of said purchase money."

In point of fact both parties are in accord in treating the contract as a mortgage under the form prevailing in the State of Alabama.

The contention between them arises out of the question of the effect of such a mortgage, as affecting the lands in suit.

Plaintiff's theory is that the effect of such a mortgage under the laws and jurisprudence of the State of Alabama, was to vest the ownership of the property in Hatch, the mortgagee, on the failure of the Shotwells to satisfy the payment of the promissory notes, and that the possession of the lands by the Shotwells after their purchase was in subjection to Hatch's right of possession under the deed, and in trust for him.

He assimilates the contract in its effect to our sale with the clause of redemption known in civil law as the *"vente à réméré."*

But this argument is inconsistent with the admission that the deed is a mortgage under the laws of Alabama, and it falls under the very text of the instrument itself.

Hence plaintiff is driven to this argument: "Then, as beforesaid, the sole question is, what was the intention of the parties when they entered into the contract of October, 1860? They were all citizens of and residing in Alabama, they chose the form in use there for like contracts, and it cannot be supposed that they had in view the laws of another State, of which they were utterly ignorant."

The argument is fallacious, both in fact and in law. In the deed itself, Hatch is described as a resident of the parish of Vermilion, State of Louisiana, and he is likewise described in the act of sale to the Shotwells, which was executed in the parish of Vermilion, in which the lands are situated.

The other fallacy of the argument turns upon a question of law

which is the crucial test of the whole controversy, and that is : under what law must the effect of the mortgage be construed ?

From the very nature of the contract, whether viewed as an act of transfer, or as an act of security, it is clear that, as the lands to be affected thereby are situated in this State, the instrument was intended to take effect in Louisiana.

Now art. 10 of the Civil Code answers the question as to which forum must regulate its effect, it reads :

"The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed."

"But the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect."

It is, therefore, safe to conclude that, whether the contract of the parties was one of a sale with the right of redemption, or simply a mortgage, its effect must be tested under the laws of Louisiana.

Similar contracts have been subjected to judicial interpretation in this State and the current of authority goes to settle the rule that they must be construed under the laws of this State. Out of numerous adjudications supporting these views, we have selected the following as more directly in point. Ricks vs. Goodrich, 3 Ann. 216; Bernard vs. Scott, 12 Ann. 489 ; Gunger vs. Bullard, 16 Ann. 107 ; McIlvane et al. vs. Godchaux et al, 34 Ann. 923 ; Same vs. Same, 36 Ann. 359.

Having reached the conclusion conceded by both parties that under the laws of Alabama the deed in question was a deed of trust or common law mortgage, and having shown that its effect must be regulated by our laws, we require no argument or reference to any authority to justify the conclusion that it could not have the effect of operating a divestiture of title. Hence, under its effect the mortgagor has not ceased to be the legal owner of the property, and his possession of the same is legal, as it was contemplated by the parties to the deed.

We refer, however, to the following decisions in order to remove the point beyond the domain of possible future discussion. Smoot vs. Russell, 1 N. S. 522 ; Hayden vs. Nutt, 4 Ann. 71 ; Frelson vs. Tiner, 6 Ann. 18 ; Collins vs. Pellerin, 5 Ann. 99 ; and to two of the cases hereinabove quoted on a different point. Ricks vs. Goodrich, 3 Ann. 216 ; Bernard vs. Scott, 12 Ann. 489.

We note the reliance of plaintiff on the case of Thibodeaux vs. Anderson, 34 Ann. 797. But that decision has no application here. The Court there held that a common law mortgage, executed in Louisiana

and intended to affect property in this State, could have no effect against third parties as a mortgage.

In this case we construe an instrument executed in Alabama, avowedly a mortgage under the jurisprudence of that State, but intended to affect property in this State; and we hold that it could not have the effect here, even between the parties thereto, which is claimed for it under the laws of Alabama, and that, as a mortgage, it did not operate a divestiture of title.

Judgment affirmed.

Mr. Justice Fenner, having not heard the argument, takes no part.