## No. 10,127.

### CHARLES L. HOWE, EXECUTOR, vs. JOSEPH H. POWELL ET ALS.

An act, purporting on its face to be a sale *a réméré*, is not translative of the ownership of the real estate to the purchaser, when it is shown that the parties did not intend that it should so operate.

Such sales, made for an inadequate consideration and unaccompanied by delivery, will be treated, without sufficient evidence to the reverse, as contracts, by which the thing nominally sold stands as security and nothing else.

Property admitted to be worth more than $2500 cannot be claimed to have been sold, even *a remere*, when the price stipulated is $460, or even $1000, and possession was not delivered.

The vileness of the price and the retention of possession establish that the contract was designed solely to subject the property as a security.

Such an innominate agreement is in the nature of a pignorative contract, by which a *quasi* hypothecary right is conferred. It is recognized by the jurisprudence of the State as a contract of security, and may be enforced, on a proper proceeding and showing, for specific performance.

This cannot be done in a suit which is strictly a pure and simple petitory action, involving nothing but rights of ownership.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

---

*L. D. Beal* and *H. O. Miller* for Plaintiff and Appellant:

A sale for a lawful consideration, with the right reserved to the vendor to repurchase the property within a certain period, is a sale with the right to redeem, and passes the title unless within the period the vendor does repurchase. See Civil Code, Arts. 2439, 2567, 2655; 34 Ann 301.

| | |
|---|---|
| 40 | 307 |
| 44 | 928 |
| 40 | 307 |
| 45 | 616 |
| 45 | 1123 |
| 40 | 307 |
| 50 | 1125 |
| 40 | 307 |
| 105 | 470 |
| 40 | 307 |
| d110 | 295 |
| 110 | 296 |
| 111 | 416 |
| 40 | 307 |
| 114 | 823 |
| 40 | 307 |
| 118 | 327 |
| 120 | 1037 |
| 40 | 307 |
| 122 | 656 |
| 40 | 307 |
| 125 | 931 |
| 125 | 936 |

Such an act acknowledged before a Louisiana commissioner in Ohio has the force of an authentic act here. R. S., Sec. 603.

The written act in authentic form or acknowledged is the only exclusive evidence of the intention of the parties; excludes all previous statements or writings, and unless assailed for fraud, or a counter letter is reserved, is conclusive between the parties of the contract it expresses. See Civil Code, Arts. 2234, 2242, 2239, 2336; 5th New Series, p. 3; Greenleaf on Evidence, Sec. 275; 1st Hennen's Digest. p. 534; No. 4, p. 536; No. 12.

*Kernan & Laycock* for Defendants and Appellees:

1. Where the parties reside in a common law State, and the instrument is executed in a common law State in the form of a common law mortgage, there can be no doubt the parties intended to create a mortgagee. 12 Ann. 489.

2. Redeemable sales unaccompanied by delivery of the thing sold, of which the considerations are inadequate, courts are bound to consider, without sufficient evidence to the contrary, as contracts, for which the thing nominally sold stands as security and nothing else. Collins vs. Pellerin, 5 Ann. 99 ; Le Blanc vs. Bouchereau, 16 Ann. 11.

3. The conveyance of property in the form of a sale does not vest the ownership in the apparent buyer if the deed was really intended by both parties to be a mortgage. 38 Ann. 154

4. The court will judicially notice, without proof, that the common law prevails in our sister States　34 Ann. 925.

5. No one can transfer a greater right than he himself has.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J.　This is a petitory action. It is brought against the tenant or occupant of the property, but the parties claiming adverse title have joined issue.

The plaintiff claims that the real estate, which is situated in Baton Rouge, was sold by Kleinert to Gaff, whose executor he is, the former having acquired it from Cochran in 1877.

The defense is, that the property belongs to the respondents by purchase from the same Cochran in 1878; that the original act by the latter to Kleinert was not designed to be a sale, but merely a mortgage, to secure a debt; that the price was wholly inadequate and possession was never given to Kleinert, but was retained by him and passed with the ownership from him to the respondents, who still have it; that the act from Kleinert to Gaff, on which plaintiff relies, was a mere transfer of his rights against Cochran ; that the act was never properly recorded : that the debt and mortgage are prescribed, etc.

From a judgment for the defendants, the plaintiff appeals.

It appears that the act between Cochran and Kleinert was executed in Ohio. It has all the characteristics of a sale, but contains the pact of redemption within a specified delay.

The property is admitted to be worth more than $2500, and the price of sale is stated to be $460.

It was recorded in the mortgage book and in that of notarial records in 1877, previous to the sale to the defendants. The transcript does not show that the "notarial records" are the conveyance book in which sales and other transfers of real estate are required by law to be recorded, to affect third persons.

It is shown by a letter of Gaff that he considered the property as having been mortgaged by Cochran to Kleinert, and he directed his agent to acquire the mortgage for him. Objection was made to the admission of this letter, but it was properly overruled, as it was written evidence opposable to the party in whose name the property is claimed.

Conceding, however, that the act in question was properly recorded and that no evidence was received to show the intention of the parties, Cochran and Kleinert, the only question which seriously arises in the controversy is: Whether that act did actually transfer *title* of ownership to Kleinert?

The act is evidently a sale with the faculty of redeeming, *vente à rémére*.

The text of the law and the jurisprudence upon it are to the effect that by such sale the ownership passes to the purchaser, who, most of the time, is a mere money lender; but that on payment to him of the amount mentioned in the act, he is divested of that ownership, which passes to the original vendor. In two late cases we had occasion to consider that matter to some extent.—Lawler & Huck vs. Cosgrove, 39 Ann. 488; Davis vs. Citizens' Bank, Ib. 523; also Jackson vs. Lemle, 35 Ann. 855.

But the law and the jurisprudence only thus say, where the transaction is really a sale, *à rémére*—that is, where, among other requirements, the price paid was adequate, i. e., in reasonable proportion to the true value of the property. Stewart vs. Buard, 23 Ann. 201.

Hence it is, that when the price is inadequate and possession has not been delivered to the purchaser, but was retained by the vendor, it has uniformly been considered and held that the transaction was not a sale, but a mere security; indeed, a sort of *pignorative* contract, upon which the law looks with suspicion, for the protection of the embarrassed and unfortunate debtor against the rapacity of his ravenous creditor.

Indeed, the settled doctrine of this Court on this subject is, that "redeemable sales, unaccompanied by delivery of the thing sold, of which the considerations are inadequate, will be treated by courts, without sufficient evidence to the contrary, as contracts, for which the

thing nominally sold stands as security and nothing else. Le Blanc vs. Bouchereau, 16 Ann. 11; Collins vs. Pellerin, 5 Ann. 99; Miller vs. Shotwell, 38 Ann. 891; see Ware vs. Morris, 23 Ann. 665, also p. 201; also Merlin, Vo. Pignoratif Contrat, 284; Troplong, Vente No. 695, p. 191; Baudry Lacantinarie, Vol. 3, No. 1045, p. 606; Laurent, Vol. 28, No. 544, p. 531.

The record shows that the price of sale was $460; that possession never was delivered to Kleinert, but continued in Cochran, and since 1878 has been in the defendants, and the admission is that the value of the property exceeds $2500.

The price is about one-sixth of the value. It it a *vile* price. Had the sale been a real one in the intention of the parties, the vendors would have had the right to demand its rescission for lesion beyond moiety. R. C. C. 2589.

The detained possession by the vendor is a presumption of simulation, for, whosoever sells must deliver possession to the purchaser, unless it be expressly stipulated otherwise for a stated period. R. C. C. 2479, 2480.

It is true that the plaintiff says that besides the $460 there was another consideration for the sale. The record does not establish this averment of the petition; but even if it did, that supplemental consideration, in the very terms of the petition, would consist of a mortgage debt originally for $2000, but reduced by partial payments to $500.

The act does not mention the assumption of that mortgage debt as a part of the price; but, even if it did, the sum at which it was reduced, $500, added to the $460, would not make that price to be $1000, and that amount would still be inadequate as the price of property admitted to be worth more than $2500.

It is manifest that Cochran never intended to sell to Kleinert, and Kleinert did not propose to buy; that even if they so designed, the transaction would be nullity as a conveyance, owing at least to the *vileness* of the price and the absence of delivery of possession, and that by merely putting the property in the name of Kleinert, Cochran has simply given and Kleinert has only received a *security* for the payment of the sum due him.

In the case of Ware vs. Morris, already alluded to, 23 Ann. 665, which is analogous to the present one, the plaintiff claimed to be recognized as owner of the property which the court found had been given as a security for the payment of the debt and asked *no other relief*, the then court affirmed the judgment appealed from, which had rejected plaintiff's demand, because, by the act, the ownership had not been divested and had not passed to the plaintiff.

In the course of the opinion the Court took occasion, however, to say :

" Here a hypothecary right is given under the false appearance of a contract of sale, possession being retained by the ostensible vendor."

What was then said, may be repeated here.

The plaintiff has brought a purely petitory action and has prayed to be recognized and put in possession as *owner* of the property which he avers was sold to the deceased, whom he represents.

On the other hand, the defendants resist the claim for *ownership*, alleging that it resides in them. They admit that the contract was intended as a mortgage, or what is nearly the same by implication, as one conveying *quasi* hypothecary rights, and pray that the suit be dismissed and that they be recognized as the owners.

We merely decide here, that even if the act in this case was designed to be a sale *à réméré*, the title did not move from the one to the other.

We do not undertake to name the contract ; but we recognize it as a valid agreement under the jurisprudence of this State, which is susceptible of enforcement, on a proper proceeding and showing, for specific performance. Such a case is not presently before this Court.

When such a claim will be presented, the facts and the law warranting, the contract will be entitled to be given, as against the world, the effect which the parties designed it should have and of which all others had due notice.

The ruling in Stewart vs. Buard, 23 Ann. 201, was made in a controversy in which the contract presented the features of a sale *à réméré*, and effect was given to it because it proved to be a *valid* sale of that class.

In the present instance, the contract in appearance is a similar one, but no effect is given to it, because, on scrutiny, it is found not only that the parties did not propose that it should operate as a transfer of ownership ; but, also, that even if they intended otherwise, it does not combine essential elements to make it translative of the *fee*, which, therefore, never was divested.

As the plaintiff does not ask specific performance, and there is no *issue* on that point, we are powerless to grant relief, even if the circumstances justified.

These views dispense us from passing upon the existence of the debt and of the mortgage against which defendants have, out of caution, pleaded prescription and pre-emption.

Judgment affirmed.