Marbury vs. Colbert.

No. 13,952.

LOUIS J. MARBURY VS. MRS. MARY E. COLBERT.

SYLLABUS.

1. Redeemable sales of immovable property, *unaccompanied by delivery of the thing sold,* will be considered, as between the parties, in the absence of evidence to the contrary, as mere contracts of security, and the vendee out of possession may take this position equally with the vendor.

2. A sale which stipulates the equity of redemption—*vente a remere*—passes title to the purchaser, but to this end it is necessary that the vendee should give a real and reasonably adequate consideration and take actual possession of the property, or else that such explanation be forthcoming, when required, of the continued possession of the vendor as excludes the idea of his still-existing ownership.

C ERTIFIED from the Court of Appeals, First Circuit, by the judges thereof applying for instructions.

The opinion of the court was delivered by

BLANCHARD, J. This was an appeal from the District Court, parish of Bienville, to the Court of Appeals, First Circuit.

On consideration by the latter court the judgment appealed from, which was one rejecting the demand of the plaintiff, was affirmed.

An application for rehearing by plaintiff followed, and, thereupon, the judges of the Court of Appeals, dividing in opinion, certified to this court the following propositions of law, arising in said cause, concerning which they ask instructions, viz:—

"First. To what extent is parol testimony admissible, in the absence of any allegation of fraud or error, to show that the parties to a contract of sale, in which is stipulated the right of redemption, intended it merely as a security for debt?"

"Second. Can a vendee in a contract of sale, stipulating the right of redemption in favor of the vendor, only intended by the parties at the time as a security for debt, after the expiration of the period of redemption, disregard the so-called act of sale and recover a personal judgment against the vendor for the price stipulated in the contract, as the consideration of the sale?"

The facts are these:—

Mrs. Colbert, the defendant, borrowed of the plaintiff a sum of money. Interest on this sum for the period of the loan was capitalized and the principal and interest thus aggregated $432.

To secure this debt it was agreed that the plaintiff should take title to certain real property, with the reservation of the power of redemption in the vendors.

Accordingly, defendant and others, joint owners, conveyed to the plaintiff certain lots of ground in the town of Gibbsland for the stated consideration of $432, and the act of sale stipulated the right of redemption in favor of the vendors at any time up to January 1st, 1899, on returning the purchase price.

None of the parties to the contract, at the time of its execution, intended it any thing more than as a security for money loaned, and the vendors continued in possession of the property, had the same assessed for taxes in their name and paid taxes thereon.

They failed to exercise the right of redemption, and long after the time therefor had elapsed, the defendant notified the plaintiff that she recognized his title to the property as perfected by the failure to exercise the right of redemption, caused the property to be stricken from her assessment for taxes and to be assessed in the name of plaintiff.

Whereupon the plaintiff instituted the present suit against Mrs. Colbert, the borrower of the money and one of the vendors of the property, praying judgment against her for the amount of the loan, principal and interest, already shown to be $432, with recognition of his hypothecary right on the property transferred as security for the debt.

The purpose of his suit is not to have himself decreed owner of the property and put in possession of the same as such. Just the reverse. His object is to enforce his claim as a debt due him by Mrs. Colbert for money borrowed, to recover judgment against her for the amount, to have his debt declared a lien on the property and be made executory.

His contention is not that by the failure of his vendors to redeem he became owner of the property in indefeasible title.

Per contra, his position is that the act of conveyance was never intended to be a sale of the property to him, that in reality it was only intended as security for the return of the money borrowed, that it only conferred, and was intended to confer, in his favor, a special lien or hypothecary security for the debt, that he cannot be forced to take the property for the debt, but is entitled to pursue his debtor in the courts, recover personal judgment against her, executory on the property by reason of the security resulting from the conveyance made to him, and then, if there be any balance of the debt left unsatisfied, hold her for it.

The defense is that the sale was made for the purpose stated in the

written act; that plaintiff is estopped to deny the same, or to contradict its recitals, or vary its import; that the transaction became a closed incident when plaintiff's vendors failed or declined to seasonably exercise the right of redemption; that thereupon and thereafter plaintiff became vested with an indefeasible title to the property, must hold it *nolens, volens,* must look to it only for reimbursement and satisfaction of the claim he asserts; and that he cannot proceed *aliunde* this title to hold defendant for the debt.

We are not apprised whether or not the consideration of the sale, $432, represent a fair price for the property. Presumably it does and more, since the vendors are quite willing the vendee should hold the property for the debt, and the vendee's suit shows he is not willing to consider it the equivalent of his claim.

*Ruling*—Where a sale is made with the equity of redemption stipulated for and the vendor continues in possession of the property as owner during the whole period allowed for the redemption, such a transaction will be regarded, on its face, not as a real sale but as a contract of security.

Here, the vendor remained in possession during the redemptory period, more than twelve months, continued to act as owner, exercised dominion over the property, permitted its continued assessment in her name, and paid the taxes thereon.

More than this, it was not until long *after* expiration of the redemptory period that the vendor notified the vendee she recognized his title to the property, and caused a change in its assessment to be made from her name to his.

Undoubtedly, under the jurisprudence of this State as established by a long line of decisions, this vendor could, under the circumstances as here disclosed, have successfully resisted the demand of the plaintiff to be decreed absolute owner of the property, had he instituted a petitory action to that end, following the expiration of the period of redemption without its exercise.

She could successfully have pleaded that a real sale of the property had not been intended, but only the granting of *security* rights thereon, and demanded that plaintiff be restricted to making his money out of the property instead of taking the whole under the nominal title.

If this be so as to the vendor why not as to the vendee? It is a poor rule that "will not work both ways." Has the vendor in such cases greater rights under the law than the vendee? Is it optional with the

vendor to treat the contract either as a sale, or as a mere contract of security, as may suit his interest or convenience, but as for the vendee he is not permitted to treat it otherwise than as a sale, however detrimental to his interest?

We think the vendor has no such superior rights over the vendee.

If Mrs. Colbert may treat the conveyance in question not as a sale, but as a mere pignorative contract, so may her vendee. It would be neither logical nor just to hold such contract a sale as to one party and as a security as to the other, under the same state of facts.

Hence, we hold that redeemable sales of immovable property, *unaccompanied by the delivery of the thing sold,* will be considered, as between the parties, in the absence of evidence to the contrary, as mere contracts of security, and either party to the contract is at liberty to maintain this position.

A sale which stipulates the equity of redemption—*vente a remere*—passes title to the purchaser, but to this end it is necessary that the vendee should give a real and reasonably adequate consideration and take actual possession of the property, or else that such explanation be forthcoming, when required, of the continued possession of the vendor as excludes the idea of his still existing ownership.

It is believed that these conclusions are supported by the following authorities:—

Collins vs. Pellerin, 5 La. Ann. 99; LeBlanc vs. Bouchereau, 16 La. Ann. 11; Ware vs. Morris, 23 La. Ann. 665; Parmer vs. Mangham, 31 La. Ann. 348; Crozier vs. Ragan, 38 La. Ann. 154; Howe, Executor, vs. Powell, 40 La. Ann. 307; Baker vs. Smith, 44 La. Ann. 925; Davis vs. Kendall, 50 La. Ann. 1121.

And it is considered that in the announcement of these conclusions will be found a sufficient answer to both questions propounded herein.

It is ordered that this ruling be certified to the Honorable Court of Appeals, First Circuit, for its guidance.

PROVOSTY, J., dissenting, handed down a written opinion in this case.