GLADNEY, Judge
(dissenting).
This case was previously considered by this court (91 So.2d 394) on appeal from a judgment sustaining defendants’ exceptions of no cause and no right of action and plea of ten years acquisitive prescription. The allegations of plaintiffs’ petitions upon that hearing were assumed to be a true statement of the facts for the trial of the exceptions and plea. In remanding the case for further proceedings we were of the opinion plaintiffs’ petitions disclosed a cause of action against the heirs of the deceased grantee and that the plea of ten years acquisitive prescription should be tried on the merits. In reversing the judgment appealed, our decision was influenced by three contentions then urged: (1) That the instrument upon which the action was based was intended to be a mortgage; (2) That the consideration was wholly inadequate, the property being worth at least $2,000 and the consideration therefor being only $431.17; and (3) That possession was never delivered to defendants, but, on the contrary, they in bad faith took possession of the property.
Plaintiffs-appellants on this appeal which followed the taking of evidence now concede the instrument in question was a sale with equity of redemption and not simply a pignorative contract indicating it should be treated as a mortgage. The evidence upon the remand showed conclusively the consideration was not vile for the conveyance of necessity carried with it an assumption of a Federal Land Bank loan of $800 encumbering the property. Nor is it questioned that of the three arguments urged upon our first review, only the third issue requires our attention, and that is, was possession ever delivered to defendants-appellees with the consent of plaintiffs-appellants ?
The following articles of the LSA-Civil Code throw some light on the answer to this question:
“Art. 3447.
“Possession of a thing may be lost either with or without the consent of the possessor.”
“Art. 3448.
“Possession is lost with the consent of the possessor:
“1. When he transfers this possession to another with the intention to divest himself of it.
“2. When he does some act, which manifests his intention of abandoning possession, as when a man throws into the street furniture, or clothes, of which he no longer chooses to make use.”
“Art. 3449.
“A possessor of an estate loses the possession against his consent:
"1. When another expels him from it, whether by force in driving him away, or by usurping possession during his absence, and preventing him from re-entering.
“2. When the possessor of an estate allows it to be usurped and held for a year, without, during that time, having done any act of possession, or interfered with the usurper’s possession.”
Everett Jackson and D. P. Golson died in the same year, 1931, and the property rights of both, therefore, at death were transmitted to their heirs. After Everett Jackson left the property in 1930, his son, Nathaniel Jackson, then 19 years of age, moved away with his younger sisters and afterwards none of the Jackson heirs concerned themselves with the property until this suit arose, some 26 years later.
The testimony of Nathaniel Jackson on this point is revealing:
“Q. Well why did you move off? Did somebody tell you to move? A. No, sir, nobody told us, there wasn’t *885 nobody there to see after my three youngest sisters.
“Q. Did anybody use any force in moving you off ? A. No, sir.
“Q. Did anybody threaten you and make you move off? A. No, sir.”
Clearly, possession ivas lost by consent with the removal from the property of Nathaniel Jackson, followed by many years of inaction by all of the heirs, including Fannie Jackson, widow of Everett Jackson.
The deed to Golson became perfect from the moment the vendor or his heirs relinquished possession. As an act of conveyance it was an instrument translative of title and forasmuch as more than ten years had elapsed with undisputed possession prior to this suit, the plea of prescription should be sustained. The judgment of the district court should be affirmed.
For these reasons I respectfully dissent.